Nash, J.
There is much want of precision and clearness in the statement of the alternative portion of the charge. By the rules of grammar, the last relative pro* noun they ought to refer to the next antecedent, with which it is connected, that is, fifty stands. But such was not the understanding of the jury. If it had been, they could not have given the plaintiff damages for a sum exceeding seventy-five dollars, for that would have been the price of fifty stands, if made agreeably to contract; on the contrary, they have given him one hundred and twenty-five dollars as the value of the casks received by the defendant. The jury must have understood the Court, as instructing them, that the defendant, by receiving a part of the stands, had made the whole number his, and' was bound to pay for the whole, although the remaining fifty were not made according to contract. That they must so have understood the charge, is manifest from the fact, that they allowed the plaintiff' damages to the amount of $125, as the value of the stands he was bound to pay for. Now they could not have valued the fity stands which the defendant had taken, at that price, for at one dollar and fifty cents per stand — the stipulated price — they could have been valued at but seventy-five dollars/ But the jury had said, that the whole one hundred were defectively made, and not according to the contract. They must then have valued the whole lot, upon the principle that the defendant had, by receiving fifty stands, received the whole and was bound to pay for the whole, what they were worth. If it was not the intention of his Honor so to charge them, he should have rectified their misconception of his meaning ; if he did so intend, he erred in point of law. The stands were delivered at the place and within the time specified ; upon inspection, they were found to be made not according to the contract. The defendant might have refused to re *34 ceive any of them, and the plaintiff would have had no right to complain. But he did take such a portion of the stands, as were made nearest to his agreement — refusing the remainder. This he did, without objection from the plaintiff. The contract was for one hundred stands, at the price of one dollar and fifty cents per stand, and not ■for one hundred and fifty dollars. The stands were to be delivered between the first and twentieth of March. Suppose the plaintiff had delivered to the defendant fifty of them at one time, made as he had contracted they should be made, and on another day tendered fifty more, badly made, not coming up to the contract, would the defendant have been obliged to receive them, though badly made ? Certainly not. If by receiving the first fifty, he was bound to receive the last, it would be because, he had precluded himself from refusing them, having already accepted them. The defendant, by receiving the fifty stands, did not receive the other fifty, and is only bound to pay for them what they were worth.
There was then error in his Honor’s charge.
• Pee Cueiam. Judgment reversed and a venire de novo Awarded.