## M. F. TEETER v. THE COLE MANUFACTURING COMPANY.

(Filed 23 December, 1909.)

**Contracts, Breach of—Rescission—Intimation of Court—Fragmentary Appeal—Conversion—Measure of Damages.**

In an action to recover the purchase price for certain lumber under a contract, it appeared from plaintiff's evidence that he had shipped a carload thereof, and after conversation had between himself and defendant it was ascertained that only a small portion of it came up to the sizes specified, and therefore unfit for defendant's purposes; and on that account it was agreed between the parties that the lumber should be left in the car to be otherwise disposed of, but that defendant thereafter, without plaintiff's knowledge, took from the car certain of the lumber which he found he could use. The lower court intimated that plaintiff could not recover for the contract price of the carload, but only the value of so much as defendant had taken therefrom, with the consequent damages to plaintiff. Plantiff took a nonsuit and appealed. *Held,* the nonsuit and appeal were premature, and that plaintiff should have excepted and appealed from final judgment; (2) the plaintiff could not recover on the contract: (*a*) he had not performed it, (*b*) it had been rescinded by mutual agreement, (*c*) the action would be for conversion, and the damages the actual value of the lumber taken, with such damage to the carload lot as plaintiff had sustained by defendant's taking a portion thereof and leaving a remnant; (3) that if the contract had not been rescinded, defendant, by taking a part of the lumber, was not bound under the contract to take the remainder which did not come up to it.

APPEAL from *Council, J.,* May Term, 1909, of CABARRUS.

Civil action, to recover the sum of $206.40, on account of a lumber transaction.

After the plaintiff had testified, the court intimated that, taking his evidence in its most favorable view, he would only be entitled to recover the value of such lumber as the defendant had taken from the car of lumber shipped, together with such damages as the plaintiff might have sustained by reason of the de-

fendant selecting a portion of the lumber from the car and leaving the other as rejected. Upon such intimation of opinion, the plaintiff excepted and submitted to a nonsuit and appealed to the Supreme Court.

*Montgomery & Crowell* for plaintiff.
*L. T. Hartsell* and *Burwell & Cansler* for defendant.

BROWN, J. 1. We are of opinion that the nonsuit, taken voluntarily by plaintiff, was premature. He should have excepted to the ruling of the court and proceeded with the trial. In any view, he was entitled to a judgment for some amount. We again call attention to repeated rulings of this Court, that. "In order to avoid appeals based upon trivial interlocutory decisions, the right thus to proceed (viz., to take a nonsuit and appeal) has been said to apply ordinarily only to cases where the ruling of the court strikes at the root of the case and precludes a recovery by the plaintiff." *Hayes v. Railroad*, 140 N. C., 131. "An intimation of an opinion by the judge adverse to the plaintiff upon some proposition of law which does not take the case from the jury, and which leaves open essential matters of fact still to be determined by them, will not justify the plaintiff in suffering a nonsuit and appealing." *Midgett v. Mfg. Co.*, 140 N. C., 361; *Merrick v. Bedford*, 141 N. C., 504; *Hoss v. Palmer*, 150 N. C., 17.

2. As the result to plaintiff is the same, whether we dismiss his appeal or affirm the ruling of the trial court, we will pass on the merits of the case, as it may tend to a settlement of the controversy. The plaintiff's complaint contains two causes of action—one for conversion of the lumber, and the other on a contract of purchase. The facts are, that plaintiff contracted to sell and deliver to defendant, whose place of business was in Charlotte, a car load of lumber, two inches thick. While the lumber was in the car, plaintiff conferred with defendant's agents in Charlotte about it, and this conversation occurred, as detailed by plaintiff: "I said, 'I am sorry there is a misunderstanding about it. You can use every stick of this lumber in your business here, some way. What will you give me for this lumber?' He said, 'I can't use a stick under two inches thick.' I said, 'Well, I can't afford to have my lumber tore up for what little is over two inches. You need not take any of it.' He said, 'Well.' I asked him if he had any room of his yard I could stack it until I could dispose of it. He said, 'No; but you can stack it on the right of way of the railroad track.' "

Plaintiff then authorized Mr. Ogglesby to sell the lumber for him, and went home. Some days thereafter, the defendant's agents and employees entered the car and took out and used all the two-inch lumber in it.

The plaintiff cannot recover on the contract—first, because he did not perform it by delivering two-inch lumber; secondly, because, according to his own evidence, the contract was rescinded by mutual agreement and the lumber placed again on sale by plaintiff.

It necessarily follows that if the original contract of purchase was rescinded by agreement of the parties, and the defendant went in the car and took a part of the lumber after that time, that would be a conversion, and the plaintiff could recover only the value at the time of the conversion of the lumber actually taken, together with such damage to the car-load lot as plaintiff sustained by reason of the defendant unlawfully taking a portion of the lumber and leaving the remnant. Even if the contract had not been rescinded by mutual consent, the defendant, by taking the part of the lumber that was two inches thick, was not bound under the contract to receive the remainder, which did not come up to the contract and was less than two inches in thickness. *Freeman v. Skinner,* 31 N. C., 32.

Affirmed.