## H. L. BLOUNT v. AGNES BLOUNT.

(Filed 6 March, 1912.)

1. Appeal and Error—Motion for Judgment—Fragmentary Appeal—Practice.

   A nonsuit and appeal taken by plaintiff upon the refusal of the trial judge to grant his motion for judgment upon the pleadings and order a reference is premature and fragmentary, and will be dismissed.

2. Appeal and Error — Motion for Judgment — Exceptions — Final Judgment—Practice.

   Upon the refusal of the trial judge to grant plaintiff's motion for judgment upon the pleadings and order a reference, he should have noted an exception to be reviewed upon appeal from final judgment.

APPEAL from *Carter, J.,* at September Term, 1911, of PITT.

Civil action. The plaintiff moved the court for a judgment against the defendant upon the face of the pleadings, and for reference to ascertain the amount due by the defendant to the plaintiff. His Honor held that the plaintiff was not entitled to a judgment against the defendant upon the pleadings, and also stated that if the plaintiff was entitled to ·a judgment, the cause was a proper cause for reference. Upon this intimation of the court, the plaintiff submitted to a nonsuit and appealed to the Supreme Court.

*Guion & Guion, F. C. Harding, and Harry Skinner for plaintiff.*

*Jarvis & Blow and Albion Dunn for defendant.*

BROWN, J. We are unable to pass upon the question so earnestly pressed by the learned counsel for the plaintiff. The

appeal of the plaintiff is fragmentary and premature, and the motion of the defendant to dismiss the appeal for that reason must be granted.

In the first place, the plaintiff voluntarily submitted to a nonsuit, and thus put himself out of court. It is not a case of involuntary nonsuit submitted to for the purpose of testing the correctness of a ruling which is vital to the plaintiff's cause. The refusal of the trial judge to grant a judgment upon the pleadings and order a reference did not affect a substantial right of the plaintiff, or terminate his case.

Instead of voluntarily going out of court, he should have noted his exception and proceeded with the trial of the cause, and if judgment was finally rendered against the plaintiff, he could then have reviewed the ruling of the judge. *Hayes v. R. R.,* 140 N. C., 131; *Midgett v. Manufacturing Co.,* 140 N. C., 362. In this last case it is stated that an intimation of an opinion by the judge adverse to the plaintiff upon some proposition of law which does not take the case from the jury, and which leaves open essential matters of fact still to be determined, will not justify the plaintiff in suffering a nonsuit and appeal. Such nonsuits are premature, and the appeals will be dismissed.

Appeal dismissed.