## KELLY v. GREAT ATLANTIC & PACIFIC TEA CO. et al.

### No. 4085.

Circuit Court of Appeals, Fourth Circuit.

Nov. 9, 1936.

John M. Robinson, of Charlotte, N. C. (Hunter M. Jones and Ralph V. Kidd, both of Charlotte, N. C., on brief), for appellant.

F. Grainger Pierce, of Charlotte, N. C. (Guthrie, Pierce & Blakeney, of Charlotte, N. C., on brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This action was begun in a state court and removed by petition into the court below. Motion by plaintiff to remand to the state court was overruled, whereupon counsel noted an exception, and, stating that they refused to recognize the jurisdiction of the court and that they would not further prosecute the cause therein, moved for a judgment dismissing it, which was allowed. From this judgment of dismissal, plaintiff has appealed, assigning as error only the order refusing remand. As the appeal was not from this order, which is not appealable but is reviewable on appeal properly taken from an order which is appealable, the question which arises at the threshold of the case is whether an appeal lies from a judgment of voluntary nonsuit. We do not think that it does.

It is well settled that, from a judgment of involuntary nonsuit, an appeal lies by the party aggrieved, as such a judgment

is not only a final determination of the action but has been rendered without the consent and over the objection of the plaintiff who complains of it. Central Transportation Co. v. Pullman's Palace-Car Co., 139 U.S. 24, 39, 11 S.Ct. 478, 35 L.Ed. 55; Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 182, 27 S.Ct. 184, 51 L.Ed. 430, 9 Ann.Cas. 757. But, although a voluntary nonsuit is a final termination of the action, it has been entered at the request of plaintiff, and he may not, after causing the order to be entered, complain of it on appeal. For this reason, it is well settled in the federal courts that no appeal lies from a judgment of voluntary nonsuit. U. S. v. Evans, 5 Cranch, 280, 3 L.Ed. 101; Evans v. Phillips, 4 Wheat. 73, 4 L.Ed. 516; Central Transportation Co. v. Pullman's Palace-Car Co., supra; Francisco v. Chicago & Alton R. Co. (C.C.A.8th) 149 F. 354, 9 Ann.Cas. 628. And this is in accordance with the great weight of authority. See 2 Am.Jur., Appeal and Error, p. 974; Kempland v. Macauley, 4 T.R. 436; Ewing v. Glidewell, 3 How.(Miss.) 332, 34 Am.Dec. 96; note, 9 Ann.Cas. 631-633, and cases there cited.

It does not help plaintiff to say that his complaint is of the order refusing remand of the cause and not of the judgment of nonsuit, which is relied upon merely as a final order from which appeal may be taken. Even in those rare jurisdictions, of which North Carolina is one, which permit appeal from an order of voluntary nonsuit where there is a ruling of the court which strikes at the heart of the case and precludes recovery by plaintiff, appeal from such order does not lie to review rulings which do not have the effect of determining the case against plaintiff. White v. Harris, 166 N.C. 227, 81 S.E. 687; Blount v. Blount, 158 N.C. 312, 73 S.E. 996; Teeter v. Cole Mfg. Co., 151 N.C. 602, 66 S.E. 582; Merrick v. Bedford & Stevens, 141 N.C. 504, 54 S.E. 415; Midgett v. Manufacturing Co., 140 N.C. 361, 53 S.E. 178. The order refusing to remand the case did not, of course, determine it; and it cannot be said that, when plaintiff refused to proceed, there was nothing for the court to do but to dismiss the case and that it was therefore virtually ended. If plaintiff, after refusing to proceed, had not taken a voluntary nonsuit, defendant could have insisted on a verdict and judgment on the merits, which would have been determinative of the rights of the parties and would not have left plaintiff at liberty to commence another action for the same cause, as is his right under the voluntary nonsuit. The crux of the matter is that an order refusing to remand is not a final or appealable order, and plaintiff cannot make it in effect appealable by the simple expedient of taking a voluntary nonsuit and appealing.

The case of Koons v. Bryson (C.C.A.4th) 69 F. 297, does not support the position of plaintiff here; for, in that case, the trial judge had intimated an opinion adverse to plaintiff which went to the very heart of the case. Here there was no ruling determinative of the case as a basis for submitting to a nonsuit but a mere interlocutory ruling on a motion to remand. The distinction is obvious, but, in drawing it, we are not to be understood as approving the practice which the Koons Case may properly be cited as sustaining. The authority of that case on the question of procedure involved was greatly shaken by what was said in the subsequent cases of Huntt v. McNamee (C.C.A. 4th) 141 F. 293, and Parks v. Southern Ry. Co. (C.C.A.4th) 143 F. 276; and we now definitely hold that whether or not an appeal lies from a voluntary nonsuit is a matter of appellate practice, as to which the Conformity Act (28 U.S.C.A. § 724) does not govern, and that in the federal courts no appeal lies from such voluntary order, whether taken upon a ruling determinative of the rights of the parties or not. The late Judge Walter H. Sanborn, speaking for the Circuit Court of Appeals of the Eighth Circuit, dealt with this subject so exhaustively and conclusively in his opinion in Francisco v. Chicago & Alton R. Co., supra, 149 F. 354, that nothing need be added to what he there said.

For the reasons stated, the appeal must be dismissed.

Appeal dismissed.