Monica B. SAHUTSKY

v.

NATIONAL DAIRY PRODUCTS CORP., Breyer Ice Cream Company, and Breyer Ice Cream Company, a Division of National Dairy Products Corporation.

Civ. A. No. 26937.

United States District Court
E. D. Pennsylvania.
May 19, 1960.

Daniel J. Ryan, Philadelphia, Pa., for plaintiff.

Gordon W. Gerber, Philadelphia, Pa., for defendant.

GRIM, District Judge.

This action is based upon plaintiff's claim that an agent of defendant corporations, one Svenson, struck and injured plaintiff in Philadelphia by negligently operating an automobile. Defendants deny that Svenson was negligent and that he was acting as their agent at the time of the injury. Svenson was not named as a defendant in this action.[1]

Before beginning the action in this court, plaintiff brought an action in a Pennsylvania court[2] for the same injury and based on the same accident, against the defendant corporations and also against Svenson.

Defendants have moved for summary judgment. Plaintiff has moved for a voluntary dismissal, apparently with the purpose of removing the case from this court so that she can litigate both problems, agency and negligence, in the Pennsylvania court.

It would seem, from examination of the deposition and an affidavit filed by defendants, that this court could decide the question of agency on defendants' motion for summary judgment, a procedure affording a quick and expeditious means of determining such problems. It is probably correct, as defendants state, that Pennsylvania procedure has no comparable method for determining such problems before trial.

Were this court to decide that Svenson was not defendants' agent at the time of the accident, summary judgment would necessarily be entered in their favor, and such judgment, being res judicata, would probably operate to cause a dismissal of the defendant corporations from the state court action as well. Such summary judgment in this court, however, would not be res judicata of the state court action against Svenson, who would still remain as a defendant. The action would proceed against him. Summary judgment in this court in favor of the defendant corporations would not terminate the action in the state court.

In each case cited by defendants in support of their motion for summary judgment and opposing plaintiff's motion for a voluntary dismissal, the federal court was in a position to put an end to the litigation between the parties. In this the present case differs from the cited cases, because in the present case summary judgment in this court in favor of the defendants cannot remove Svenson from the state court action. That action, presumably, would proceed to trial and verdict regardless of what action this court might take on motions for summary judgment and for a voluntary dismissal of the action.

In my opinion, the wise decision here will be to permit the court which can handle all the litigation, the state court, to hear and decide both problems in the case, the agency problem and the negligence problem. Accordingly, this will be done by refusing the motion for summary judgment and granting the motion for a voluntary dismissal.

It should be noted specifically that in refusing the motion for summary judgment this court is not passing upon the merits of the question of whether Svenson was acting as agent for the corporation defendants or any of them at the time of the accident.

The motion for voluntary dismissal comes within the operation of Rule 41(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides:

"* * * An action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

The power of imposing conditions on the right of a plaintiff to take a voluntary dismissal puts much discre-

---

1. Presumably because there is no diversity of citizenship between plaintiff and Svenson.

2. Court of Common Pleas No. 3 of Philadelphia County.

tion in the judge who passes upon the motion (see 5 Moore's Federal Practice, p. 1018 et seq.). Plaintiff brought the action in this court and now, having changed her mind, wishes to withdraw. It is only fair that certain conditions be imposed upon plaintiff as her motion for voluntary dismissal is granted. Plaintiff's motion for voluntary dismissal will be granted on condition that she pays (1) all the court costs in this court, (2) the cost of the deposition, and (3) a reasonable attorney's fee for the work defendants' attorneys have done as a result of the suit in this court.

Defendants' motion for summary judgment is refused.