Henry J. SCHOLL and Sarah Scholl, His Wife, John C. Hunsaker and Evelyn Hunsaker, His Wife, O. C. Scholl and Pauline Scholl, His Wife, Plaintiffs-Appellants,

v.

FELMONT OIL CORPORATION, Defendant-Appellee.

No. 15387.

United States Court of Appeals Sixth Circuit.

Feb. 22, 1964.

Carmol D. Cook, Hartford, Ky., for appellants, Lake & Cook, Hartford Ky., on brief.

Morton J. Holbrook, Owensboro, Ky., for appellee, Ridley M. Sandidge, Owensboro, Ky., on brief; Sandidge, Holbrook, Craig & Hager, Owensboro, Ky., of counsel.

Before MILLER, CECIL and O'SULLIVAN, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellants, Henry J. Scholl and others, file this action in March 1961 in the state court in Ohio County, Kentucky. The complaint seeks to cancel and set aside the assignment of an interest in an oil and gas leasehold estate covering lands in Ohio County, Kentucky, and to recover damages in the amount of $18,102.16. At the time of the filing of the action Scholl was 72 years of age, and was spending his winters in Florida because of ill health.

On March 17, 1961, appellee, Felmont Oil Corporation, removed the action to the United States District Court for the Western District of Kentucky on the ground of diversity of citizenship. It

filed its answer to the complaint on March 24, 1961.

A pretrial conference was held on August 16, 1961. Neither of the parties being then ready for trial, the case was continued.

On December 5, 1961, the Court set a pretrial hearing for December 28, 1961.

On December 18, 1961, appellants moved to dismiss without prejudice. Following the pretrial hearing on December 28, 1961, the Court by order of December 30, 1961, overruled the motion to dismiss without prejudice and set the case for trial on February 12, 1962.

On January 16, 1962, appellants moved for a continuance on the ground that Scholl was the chief witness on behalf of the appellants and that it would be very injurious to his health to travel from Florida to Kentucky for the trial. On January 25, 1962, an order was entered passing the case for further orders.

On August 24, 1962, the case was set for trial on September 17, 1962. The parties were present and ready for trial, but by reason of the fact that the Court had also set another jury case for trial that day, this case was continued by the Court on its own motion.

Following a pretrial conference on December 20, 1962, an order was entered on December 26, 1962, setting the case for trial before the Court on February 14, 1963.

On February 11, 1963, Scholl's attorney filed a motion for continuance until September term of court on the ground that Scholl was a material and necessary witness and could not, without damage to his health, return from Florida to Kentucky for trial. The motion was supported by the affidavits of two doctors containing one-sentence statements that it would be injurious to Scholl's health to travel to Kentucky at that time, without further detail. The motion was overruled.

The case was called for trial on February 14, 1963. Scholl was not present. His attorney again moved for a continuance. The Court stated that the motion would be overruled and the case tried. Scholl's attorney, being in the position of having to go to trial without Scholl as a witness, moved to dismiss the action without prejudice. The Court stated that the motion would be overruled and the case tried, but also stated that a dismissal without prejudice would be permitted on the following conditions, namely, that appellants would pay the court costs in the state court action and in the present action, and that in the event the case was refiled, it would be refiled in the same court and the appellants would pay appellee's attorneys a reasonable attorneys' fee, to be passed on by the Court, for services rendered in the present action. As stated in appellants' brief, "Under the circumstances Scholl's attorney reluctantly agreed to such an order of dismissal without prejudice."

At the direction of the Court, appellee's attorney submitted an itemized statement claiming the sum of $2,820.52, which the Court examined and found reasonable, without a hearing. However, no objection was taken to the finding, and although appellants are critical of the amount so allowed and make no agreement of record with respect to the allowance, it is not contended on this appeal that the amount is unreasonable.

Thereafter, on February 26, 1963, judgment was entered overruling the motion for continuance and dismissing the action without prejudice upon the terms and conditions heretofore stated and fixing the amount of the attorneys' fees at $2,820.52.

The present appeal is taken from the order of February 11, 1963, denying appellants' motion for a continuance and from the order of February 26, 1963, dismissing the action without prejudice upon the terms and conditions stated therein.

█ The denial of a motion for a continuance is not a final decision from which an appeal will lie under Section 1291, Title 28, United States Code. Berman v. United States, 302 U.S. 211, 212–213, 58 S.Ct. 164, 82 L.Ed. 204; Catlin v.

United States, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911; Bedgisoff v. Cushman, 12 F.2d 667, 668, C.A.9th. However, the propriety of such an order is subject to review by the Court of Appeals if and when the case is properly before the court on a later appeal from the final decision in the case. Ford Motor Co. v. Busam Motor Sales, 185 F.2d 531, 534, C.A.6th. Accordingly, assuming for the present, but not so holding, that the case is properly before us by reason of the appeal from the order of February 26, 1963, dismissing the action without prejudice upon certain terms and conditions, we will consider the order of February 11, 1963, denying the continuance.

■ The granting or denial of a continuance is a matter within the discretion of the trial judge and will not be reversed on appeal unless there has been a clear abuse of discretion. Isaacs v. United States, 159 U.S. 487, 489, 16 S.Ct. 51, 40 L.Ed. 229; Duisberg v. Markham, 149 F.2d 812, C.A.3rd, cert. denied, 326 U.S. 759, 66 S.Ct. 98, 90 L.Ed. 456; Gross v. Williams, 149 F.2d 84, 86, C.A.8th; Atlantic Greyhound Corporation v. Lauritzen, 182 F.2d 540, 543, C.A.6th.

■ The answer in this case was filed on March 24, 1961. At the time of the motion for a continuance the case had been pending for almost two years. Discovery depositions, including one by the defendant of the appellant Scholl, were completed by both parties on April 14, 1961. The trial had been previously continued three times, the continuance on January 25, 1962, having been requested by appellants on substantially the same grounds as was urged in February 1963, more than one year later. In the meantime, appellants had not taken the deposition of Scholl, although he was their principal witness and there was a reasonable probability that he would not be able to come to Kentucky for the trial. The discovery deposition of Scholl taken by the appellee was available. It appears that appellee's counsel had stipulated with appellants' counsel such facts as documents and court records and other

facts indicated by appellants' counsel as being material, with the exception, of course, of admitting Scholl's claim of fraud, which Scholl apparently hoped to substantiate by his own testimony. The affidavits of the two doctors in support of the motion for a continuance did not indicate when, if ever, Scholl would be able to come to Kentucky for a trial. We find no abuse of discretion in denying the motion for another continuance.

■■ Turning now to the question of whether the order of dismissal without prejudice is an appealable order, we are of the opinion that it is not an order or judgment from which an appeal will lie, in that it was agreed to by the appellant. The appellant moved for a dismissal without prejudice. The District Judge made it clear that the motion would be overruled and the case tried unless appellants agreed to a dismissal without prejudice conditional upon the terms specified. An order dismissing an action without prejudice upon plaintiff's instance, after answer has been filed "upon such terms and conditions as the court deems proper" is authorized under Rule 41(a) (2), Rules of Civil Procedure. We do not consider the terms and conditions imposed by the Court to be unreasonable. Barnett v. Terminal R. Ass'n of St. Louis, 200 F.2d 893, 894, C.A.8th, cert. denied, 345 U.S. 956, 73 S.Ct. 938, 97 L.Ed. 1377; Sahutsky v. National Dairy Products Corp., 184 F.Supp. 68, 70, E.D.Pa.; Eager v. Kain, 158 F.Supp. 222, E.D.Tenn.; Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105, 108 C.A.2nd, cert. denied, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383. There was no requirement that the appellant agree to the entry of this order. It was an alternative available to appellant in lieu of proceeding with the trial. The difficulties confronting him in proceeding with the trial were of his own making. In order to extricate himself from a very unfavorable situation of his own making, he "reluctantly agreed" to the proposed order, which by reason of such agreement was thereafter entered. We do not consider this an involuntary adverse judgment, from which an appeal will lie.

United States v. Babbitt, 104 U.S. 767, 26 L.Ed. 921; Taylor v. Slider, 185 Ky. 756, 215 S.W. 827; Francisco v. Chicago & A. R. Co., 149 F. 354, C.A.8th; Kelly v. Great Atlantic & Pacific Tea Co., 86 F. 2d 296, C.A.4th.

The appeal is dismissed.