**Donald F. JACKSON et ux., Plaintiffs,**

v.

**SENTRY INDEMNITY COMPANY, Defendant.**

No. Civ. 4–76–32.

United States District Court, E. D. Tennessee, Winchester Division.

July 11 and 13, 1977.

* * *" *N.A.A.C.P. v. New York, supra*, 413 U.S. at 369, 93 S.Ct. at 2605, 37 L.Ed.2d at 664–665[11].

See also D.C., 76 F.R.D. 599.

John M. McCord, Henry & McCord, Tullahoma, Tenn., for plaintiffs.

Thomas M. Hull, Haynes, Hull & Ray, Tullahoma, Tenn., and Clayton H. Farnham, Atlanta, Ga., for defendant.

## MEMORANDUM AND ORDER

NEESE, District Judge.

The defendant moved the Court for a continuance of the trial herein now assigned to commence on July 20, 1977. By affidavit of counsel for the defendant, it asserts that a witness has been discovered recently who is expected to testify that the male plaintiff had the motive to inspire the commission of arson in relation to the insured property, which is the subject matter of this action. *Cf. Boone v. Royal Indemnity Company*, C.A.10th (1972), 460 F.2d 26, 29[1]. It is asserted further that such witness is confined in the Western District of Arkansas as a material witness in a criminal proceeding which is assigned for a two-weeks trial commencing July 11, 1977.

No reason is shown why the testimony of such confined witness cannot be taken by deposition while he is thus confined. To delay the commencement of trial herein for two months, as requested by the defendant, would create a conflict with other trials presently assigned in the Northeastern Division of this Court.

The plaintiffs have announced their opposition to the aforementioned motion of the defendant. Conditioned upon the plaintiffs' unstinting cooperation with the defendant in deposing the aforementioned witness, the motion of the defendant for a continuance hereby is OVERRULED, and the application for an oral hearing thereon hereby is DENIED, local Rule 12(c).

## MEMORANDUM OPINION AND ORDER

■ This is a civil action to recover the proceeds of a policy of fire insurance covering the plaintiffs' residential property. 28 U.S.C. § 1332(a)(1), (c). One of the counsel for the defendant, Thomas M. Hull, Esq., moved the Court to allow him to withdraw as counsel herein. Mr. Hull submitted with such motion his affidavit, wherein he stated that because of newly discovered evidence pertaining to this action his continued representation of the defendant herein would present " * * * a personal, if not a professional conflict of interest * * *" so as to preclude his continued further effective representation of such client. Accordingly, such motion hereby is GRANTED, and Mr. Hull, Esq., hereby is ALLOWED to withdraw as associate counsel herein. The defendant must forthwith secure substitute local counsel of record herein; otherwise all pleadings filed in behalf of such party may be stricken by the Court. Local Rule 2.

■ The defendant further submitted the affidavit of its counsel Clayton H. Farnham, Esq. in support of its previously filed motion for a continuance of the trial hereof. The Court, in the interest of justice, will treat such affidavit as a renewal of such aforementioned motion for a continuance.

■ The fire, which greatly damaged the plaintiffs' residence, occurred on January 10, 1976. This action was commenced on August 26, 1976. The defendant had more than 18 months within which to secure the necessary evidence to support its claim that the male plaintiff burned or caused to be burned the property involved and had almost 11 months within which to prepare its case for trial. Under such circumstances, the Court in its discretion, *Pingatore v. Montgomery Ward & Co.*, C.A.6th (1969), 419 F.2d 1138, 1141[1], certiorari denied (1970), 398 U.S. 928, 90 S.Ct. 1818, 26 L.Ed.2d 90; *Scholl v. Felmont Oil Corp.*, C.A.6th (1964), 327 F.2d 697, 700[2], once again hereby DENIES the defendant's motion for a continuance of the trial hereof.