*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0071p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

STEPHEN DEARTH and SECOND AMENDMENT
FOUNDATION, INC.,

　　　　　　　　　　　　*Plaintiffs-Appellants,*

　　　　*v.*

MICHAEL B. MUKASEY,

　　　　　　　　　　　　*Defendant-Appellee.*

No. 07-3594

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 06-01012—Gregory L. Frost, District Judge.

Argued: January 30, 2008

Decided and Filed: February 13, 2008

Before: SUHRHEINRICH and ROGERS, Circuit Judges; BELL, Chief District Judge.[*]

---

**COUNSEL**

**ARGUED:** Alan Gura, GURA & POSSESSKY, Alexandria, Virginia, for Appellants. Isaac Lidsky, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Alan Gura, GURA & POSSESSKY, Alexandria, Virginia, for Appellants. Isaac Lidsky, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

**OPINION**

---

ROGERS, Circuit Judge. Plaintiffs Stephen Dearth and the Second Amendment Foundation appeal the venue-based dismissal-without-prejudice of their action. The plaintiffs had brought suit in federal court in Ohio to enjoin the enforcement of the provisions of 18 U.S.C. § 922 that prohibit non-residents of the United States from receiving or selling firearms for non-sporting purposes. Because the plaintiffs requested the dismissal-without-prejudice as an alternative to transfer, however, the district court's order is an unappealable voluntary dismissal. We therefore dismiss the appeal.

Plaintiff Stephen Dearth is a natural-born citizen of the United States who resides in Canada. He does not maintain a residence in the United States. On January 28, 2006, Dearth attempted to

---

[*]The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

purchase a firearm at a sporting goods store in Minnesota. Because he does not have a federal firearms license, he was required to complete federal Form 4473, which asks of applicants: "What is your state of residence (if any)?" *See* 27 C.F.R. § 478.124. Dearth was unable to provide a state of residence, and the transaction was terminated. Upon contacting the FBI, Dearth was informed that, because of his lack of domestic residence, he could not purchase a firearm except for lawful sporting purposes. *See* 18 U.S.C. § 922(a)(9), (b)(3).

Dearth subsequently filed suit against the Attorney General in the Southern District of Ohio, seeking to enjoin on constitutional grounds the enforcement of the provisions of 18 U.S.C. § 922 prohibiting receipt by, and sale to, non-residents of firearms except for lawful sporting purposes. He was joined by the Second Amendment Foundation, a non-profit membership organization incorporated and with its principal place of business in Washington state. The plaintiffs later amended their complaint to add Gregory Lockhart, the United States Attorney for the Southern District of Ohio, as a defendant. The plaintiffs admit that Lockhart was added to preserve venue in the Southern District.

In response, the Government filed a "Motion to Dismiss or, in the Alternative, Transfer," asking the district court either to dismiss the case under 28 U.S.C. § 1406(a) for improper venue, or to transfer it to the District of Columbia under either § 1406(a) or § 1404(a). The plaintiffs argued in opposition that venue in the Southern District of Ohio was both proper and convenient, and included in their memorandum the following request: "In the event the Court is inclined to grant Defendant [Attorney General] Gonzales's motion, Plaintiffs respectfully request a dismissal rather than a transfer."

On April 10, 2006, the district court entered an order dismissing the case without prejudice. The court questioned the propriety of venue under 28 U.S.C. § 1391(e), and indicated in the alternative an inclination to transfer the case to a different district. Declining to make an ultimate decision regarding whether venue was improper or proper but inconvenient, the court dismissed the case, noting the plaintiffs' contingent request for a dismissal:

> The Court need not weigh whether transfer is more appropriate than dismissal, however, because Plaintiffs have expressly *asked* for the dismissal of this case if the Court determines that venue in the Southern District of Ohio is flawed. Thus, in light of Plaintiffs' request and the Court's conclusions that venue here is improper or, if proper and concurrent, inconvenient compared to alternative forums, the Court DISMISSES the case without prejudice.

The district court described its order as follows: "the Court GRANTS Defendant's motion to dismiss (Doc. # 15) and GRANTS Plaintiffs' contingent request for dismissal (Doc. # 17)."

The plaintiffs' request for a voluntary dismissal, notwithstanding its contingent nature, renders this court unable to consider the present appeal from the district court's non-prejudicial dismissal. Generally, a plaintiff who requests or consents to the dismissal of his action cannot appeal that dismissal because it is not an involuntary adverse judgment. *See, e.g.*, *Duffy v. Ford Motor Co.*, 218 F.3d 623, 626 (6th Cir. 2000); *Laczay v. Ross Adhesives*, 855 F.2d 351, 351 (6th Cir. 1988); *Scholl v. Felmont Oil Corp.*, 327 F.2d 697, 700 (6th Cir.1964); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976); *Kelly v. Great Atl. & Pac. Tea Co.*, 86 F.2d 296, 297 (4th Cir. 1936). The rule is based on the consideration that when a voluntary dismissal is without prejudice the plaintiff is placed "in a legal position as if he had never brought the first suit" and has the right to bring a later suit on the same cause of action without adjudication of the merits. *LeCompte*, 528 F.2d at 603; *see also Kelly*, 86 F.2d at 297.

The plaintiffs' request for a dismissal was voluntary even though it was contingent and in response to the Government's motion for a dismissal or transfer, which the plaintiffs opposed. The contingent nature of the plaintiffs' request simply does not distinguish its voluntariness from, for example, a non-contingent request for a dismissal under Rule 41 of the Federal Rules of Civil Procedure. Such dismissals are rarely the plaintiff's first choice, and the fact that the instant dismissal resulted from a contingent request means only that the request was made in anticipation of an unfavorable ruling, as opposed to immediately after. Fundamentally, the situation in which Dearth and SAF found themselves was the same as that of every other plaintiff who requests a dismissal because he thinks his case would fare better under different circumstances.[1]

We need not ascertain whether the district court was inclined to dismiss or transfer the case for lack of venue pursuant to § 1406(a) or to transfer the case notwithstanding proper venue "in the interest of justice" pursuant to § 1404. At the time of the plaintiffs' contingent request for a dismissal, the Government had moved to "Dismiss or, in the Alternative, Transfer" under *either* § 1406(a) or § 1404(a), and the plaintiffs requested voluntary dismissal "[i]n the event the Court is inclined to grant Defendant [Attorney General] Gonzales's motion," without limiting the contingency to the district court's inclination to grant relief under § 1404 only. Thus regardless of whether the district court was inclined to act under § 1404 or § 1406, in either case the plaintiffs requested a voluntary dismissal.

We recognize that if the plaintiffs had not made the contingent request for voluntary dismissal, and the district court had granted the Government's motion by dismissing without prejudice under § 1406, appeal may have lain from such an order. *See In re Ferro Corp. Derivative Litig.*, No. 06-3816, __ F.3d __, 2008 WL 60191, at *2 (6th Cir. 2008) (dismissal without prejudice of an action constitutes a final judgment for purposes of appellate jurisdiction); *Azar v. Conley*, 480 F.2d 220, 223 (6th Cir. 1973) (same). In contrast, if the plaintiffs had not made the contingent request and the district court had transferred the case under § 1404 or § 1406, appeal would not be permitted from such a transfer order. *Lemon v. Druffel*, 253 F.2d 680, 683 (6th Cir. 1958) ("It is settled that an order granting a transfer or denying a transfer is interlocutory and not appealable."). Thus if the plaintiffs had limited their request such that voluntary dismissal was sought only if the district court was inclined to hold that transfer was warranted even though venue was proper, we might be required to ascertain whether the district court relied upon § 1404 or § 1406 in order to determine whether the dismissal was voluntary so as to preclude appeal. The plaintiffs' request was not so refined or limited, however, and we therefore need not determine whether the district court was inclined to act under § 1404 or § 1406.

Dismissal of this appeal, moreover, furthers the exact policies underlying the rule against appeal of voluntary dismissals. As mentioned above, it is clear that if the district court had transferred the case under § 1406, appeal would not have been permitted, and the plaintiffs by their contingent request were attempting to circumvent that limit on appellate jurisdiction over interlocutory orders. The rule against appeals from voluntary dismissals is intended in part, however, to avoid just such circumvention of otherwise-applicable limits on appealability. "[A] party cannot use voluntary dismissal *without* prejudice as an end-run around the final judgment rule to convert an otherwise non-final—and thus non-appealable—ruling into a final decision appealable under § 1291." *Marshall v. Kansas City S. Ry. Co.*, 378 F.3d 495, 500 (5th Cir. 2004) (emphasis in original). This court has similarly reasoned that "a plaintiff cannot make [a nonfinal or nonappealable order] in effect appealable by the simple expedient of taking a voluntary nonsuit and appealing." *Mgmt. Investors v. UMW*, 610 F.2d 384, 393 (6th Cir. 1979) (quoting *Kelly*, 86 F.2d at 297). Thus, the dismissal without prejudice of Dearth's and SAF's claims was "voluntary" in a

---

[1]In proper cases a voluntary dismissal *with* prejudice may be appealed, *see, e.g.*, *Laczay*, 855 F.2d at 354, but that is not the case here.

sense very relevant to the purpose of the rule.  Allowing the plaintiffs to proceed with the current appeal would result in the unfairness that courts have sought to avoid by disallowing appeals from voluntary dismissals without prejudice. Dearth's and SAF's fundamental motivation in requesting a dismissal was to avoid the effects, and appeal the underlying basis, of an otherwise-unappealable interlocutory ruling that they felt would be damaging to their case:  a transfer order.  Courts do not favor this sort of end-run around the final judgment rule to make interlocutory orders immediately appealable.  This is especially so when the dismissal is without prejudice.  By dismissing their case without prejudice, the district court put the plaintiffs in the same legal position as if the case had never been brought.  It would be unfair to allow them the ability both to start anew in any district and to appeal the underlying basis of a ruling that likely would not have been appealable until the end of the now-dismissed case.

For the foregoing reasons, we dismiss the appeal.