# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-10981
Summary Calendar

MAXWELL HODGKINS; SECOND AMENDMENT FOUNDATION INC

Plaintiffs-Appellants

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-2114

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Maxwell Hodgkins is a natural-born citizen of the United States who resides in the United Kingdom. Appellant Second Amendment Foundation is a non-profit organization, which is incorporated in and has its principal place of business in the state of Washington. Hodgkins seeks "to access [his] firearms, as well as acquire new ones, for lawful sporting purposes as well as for self-defense, collecting, and civic purposes, while visiting his friends and family in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Texas" at some point in the future. However, in order to purchase a firearm, a prospective buyer without a federal firearms license must complete Form 4473, which asks: "What is your state of residence (if any)?" See 27 C.F.R. § 478.124. If the applicant does not answer this question, he may not purchase a firearm except for lawful sporting purposes. See 18 U.S.C. § 922(a)(9), (b)(3). Although Hodgkins did not attempt to complete Form 4473, he acknowledges that he would be unable to do so because he lacks a state of residence.

Appellants filed suit in the Northern District of Texas against the U.S. Attorney General to challenge the constitutionality of and enjoin the enforcement of 18 U.S.C. § 922, which prohibits non-residents of the United States from receiving or selling firearms for non-sporting purposes. Appellants argued that venue was proper in the Northern District of Texas under 28 U.S.C. § 1391(e)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" there. Specifically, Appellants noted that the Northern District of Texas is where Hodgkins would like to access his firearms and acquire new ones, and–were he to do so–he would be arrested and prosecuted there. In response, the Attorney General filed a "Motion to Dismiss or, in the Alternative, Transfer," asking the district court to dismiss the case under 28 U.S.C. § 1406(a) for improper venue or to transfer the case to the District of Columbia under either § 1406(a) or § 1404(a).

On August 15, 2007, the district court found that the Northern District of Texas was an improper venue because "[t]here are no allegations supporting that a substantial part of the events or omissions giving rise to the claim have occurred in this district, but only of events or omissions that may occur at some future point in time." Noting that "Plaintiffs request dismissal rather than transfer," the district court concluded that the Attorney General's "Motion to Dismiss is GRANTED and this matter is DISMISSED without prejudice for refiling in an appropriate venue."

Concurrent with the filing of this suit in the Northern District of Texas, the Second Amendment Foundation filed a companion case in the Southern District of Ohio with plaintiff Stephen Dearth, a natural-born citizen of the United States who resides in Canada (the "Ohio suit"). Like this case, the Ohio suit sought to challenge the constitutionality of 18 U.S.C. § 922 and enjoin its enforcement. The Second Amendment Foundation and Dearth also requested that their suit be dismissed without prejudice rather than transferred. On February 13, 2008, the Court of Appeals for the Sixth Circuit issued an opinion in the Ohio suit. Dearth v. Mukasey, No. 07-3594, 2008 WL 373454 (6th Cir. Feb. 13, 2008). The Sixth Circuit held that: "Because the plaintiffs requested the dismissal-without-prejudice as an alternative to transfer, however, the district court's order is an unappealable voluntary dismissal." Id. at *1. Thus, the Sixth Circuit dismissed the appeal.

We agree with the Sixth Circuit and adopt its reasoning.[1] If Appellants had not requested a dismissal without prejudice, the district court would have transferred this case. We would not have jurisdiction to review that decision because "[a]n order transferring a case under 28 U.S.C. § 1406(a) is interlocutory." Stelly v. Employers Nat'l Ins. Co., 431 F.2d 1251, 1253 (5th Cir. 1970). The grant of Appellants' request for a dismissal without prejudice does not alter our jurisdictional analysis. Appellants "'cannot use voluntary dismissal without prejudice as an end-run around the final judgment rule to convert an otherwise non-final-and thus non-appealable-ruling into a final decision appealable under § 1291.'" Id. at *3 (quoting Marshall v. Kansas City S. Ry. Co.,

---

[1] In Dearth, the district court did not specify whether it "was inclined to dismiss or transfer the case for lack of venue pursuant to § 1406(a) or to transfer the case notwithstanding proper venue 'in the interest of justice' pursuant to § 1404." Id. at *2. Because the Sixth Circuit concluded that either section produced the same result, it did not determine which provision governed the district court's order. Id. at *3. In this case, the district court explicitly stated that its order was rendered pursuant to § 1406(a). Thus, we are adopting that part of the Sixth Circuit's opinion that pertains to § 1406(a).

378 F.3d 495, 500 (5th Cir. 2004)).  The judgment here–dismissal without prejudice–was at the request of Appellants.  It is not a final order, i.e., an order that leaves nothing left save its execution, and we thereby lack jurisdiction under 28 U.S.C. § 1291.

Therefore, we DISMISS this appeal.