**Betty Ann NEWBY, Appellant**

v.

**George W. BUSH, et al., Appellees.**

No. 08–5469.

United States Court of Appeals, District of Columbia Circuit.

April 13, 2009.

Betty Ann Newby, Washington, DC, pro se.

R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellees.

BEFORE: TATEL, BROWN, and GRIFFITH, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the appeal be dismissed. Appellant seeks to appeal the district court's August 14, 2008 minute order dismissing appellant's civil action without prejudice. Although the district court cited to Fed.R.Civ.P. 41(a)(1), the dismissal is being treated as one pursuant to Fed.R.Civ.P. 41(a)(2), because appellant filed a motion for voluntary dismissal rather than a notice, and the dismissal was "by court order." A plaintiff, however, may not normally appeal a voluntary dismissal without prejudice because there is no adverse judgment against her. *See U.S. v. Procter & Gamble Co.,* 356 U.S. 677, 680, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958); *Dearth v. Mukasey,* 516 F.3d 413, 415 (6th Cir.2008); 9 Wright & Miller, *Federal Practice and Procedure* § 2376 (2008). In any event, whether the dismissal was pursuant to Rule 41(a)(1) or Rule 41(a)(2), appellant has not established that she suffered any "legal prejudice" from the district court's dismissal order so as to come within an exception to this rule of nonappealability. *See Duffy v. Ford Motor Co.,* 218 F.3d 623, 627 (6th Cir. 2000). Appellant does not allege she has voluntarily dismissed a prior action under Rule 41(a)(1) based on the same claims, such that the district court's citation to Rule 41(a)(1) would trigger the "two dismissal" rule of Rule 41(a)(1)(B).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

*See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.