NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0460n.06

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*May 01, 2012*

LEONARD GREEN, Clerk

| | |
|---|---|
| ROBERT NOEL, | ) |
| | ) |
| Plaintiff-Appellant/Cross-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| CARRIE GUERRERO, Detective; TIM LARRISON, | ) COURT FOR THE EASTERN |
| Detective; MR. CAMPBELL, Detective; MR. RICE, | ) DISTRICT OF MICHIGAN |
| Detective; MR. URIBE, Detective; MR. LOTHIAN, | ) |
| Detective; MR. GEORGE BEST, Prosecutor; | ) |
| RUSSELL J. PERRY, JR., Attorney; BERNARD | ) |
| COPOLINO, Prosecutor; AMY M. MILLER, Secretary; | ) |
| JENNIFER KELLERMAN, Secretary; HEATHER | ) |
| WILBER, Secretary; NANCY A. ABRAHAM, | ) |
| Assistant U.S. Prosecuting Attorney; ROY KRANZ, | ) |
| Assistant U.S. Prosecuting Attorney; BAY AREA | ) |
| NARCOTICS ENFORCEMENT TEAM; CITY OF | ) |
| SAGINAW; KENNETH ROBERT SASSE, Attorney; | ) |
| THOMAS L. LUDINGTON, Judge; THOMAS M. | ) |
| DEASY, Lt./Internal Affairs, | ) |
| | ) |
| Defendants-Appellees/Cross-Appellants. | ) |

Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. Robert Noel, a federal prisoner proceeding *pro se*, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983 and 1985.

Seeking monetary relief, Noel filed a complaint against the Bay Area Narcotics Enforcement Team (BAYANET); six BAYANET detectives; three BAYANET secretaries; two Saginaw County,

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Michigan, assistant prosecutors; two assistant United States attorneys; attorneys Russell J. Perry, Jr., and Kenneth Robert Sasse; the City of Saginaw, Michigan; a federal district court judge; and a Michigan State Police officer. Noel alleged that his civil rights were violated when false information was included in affidavits supporting search warrants for his property. The searches were executed on August 3, 2007, July 24, 2008, and September 4, 2008. The first two searches yielded evidence supporting Noel's convictions for federal weapon offenses. He is currently incarcerated as a result of those convictions. Both Perry and Sasse were appointed to represent Noel during his criminal proceedings. Noel also alleged that the defendants were responsible for the submission of false documents to the court during his criminal prosecution, and that they conspired to violate his civil rights.

Perry, Sasse, and the two state prosecutors filed motions to dismiss Noel's complaint or for summary judgment; twelve of the remaining defendants filed motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b). Noel filed a motion "to hold in abeyance claims dealing with the searches of August 3, 2007 and July 24, 2008." A magistrate judge filed a report recommending that Noel's motion be construed as a motion to voluntarily dismiss the case and that it be granted. Over the objections of Perry, Sasse, and Noel, the district court agreed with the magistrate judge's recommendation, granted Noel's construed motion for voluntary dismissal, and dismissed the case without prejudice. Noel filed a timely appeal (No. 11-1972). Sasse (No. 11-2024) and Perry (No. 11-2029) filed cross-appeals. Noel requests the appointment of counsel.

Noel challenges the district court's dismissal of his case. He argues that he requested the district court to hold his case in abeyance as to the August 3, 2007 and July 24, 2008 searches, but not the September 4, 2008 search. According to Noel, his case could have proceeded as to the September 4, 2008 search because that search did not produce any evidence to support his

convictions and did not implicate *Heck v. Humphrey*, 512 U.S. 477 (1994). He argues that the district court erroneously refused to bifurcate his complaint and allow his claims pertaining to the September 4 search to proceed. The district court found that bifurcation was "inappropriate" because Noel "essentially seeks compensation for his allegedly unlawful conviction" and that relief "does not readily permit a bifurcation of claims."

Generally, a plaintiff who requests, and is granted, a voluntary dismissal without prejudice cannot appeal that dismissal. *See Dearth v. Mukasey*, 516 F.3d 413, 415–16 (6th Cir. 2008). This is so because a voluntary dismissal "is not an involuntary adverse judgment." *Id.* at 415. However, in this case, the district court construed Noel's motion to hold his claims in abeyance as a motion for voluntary dismissal and Noel contests the voluntariness of the dismissal. Under these circumstances, we find that the district court's order is appealable.

Once an opposing party has responded to a complaint, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless otherwise stated, a Rule 41(a)(2) dismissal "is without prejudice." *Id.* We review a district court's ruling on a Rule 41(a)(2) motion for an abuse of discretion. *Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 730 (6th Cir. 2004).

Following the filing of responsive pleadings by some of the defendants, Noel filed a motion to hold his "claims dealing with the searches of August 3, 2007 and July 24, 2008" in abeyance. His motion indicated that he required time to challenge his federal convictions in an effort to obtain a favorable ruling overturning those convictions to avoid the *Heck* bar that he was facing in the instant civil action. Because abeyance is not an option to allow a prisoner to challenge a criminal conviction in an effort to avoid the *Heck* bar, *see Edwards v. Balisok*, 520 U.S. 641, 649 (1997), the district

court construed Noel's motion as a request for voluntary dismissal under Rule 41(a)(2), and granted the motion without prejudice. The district court's decision is not an abuse of its discretion.

Noel's civil rights action was subject to dismissal because it challenged the validity of his convictions. Claims that challenge the validity of a conviction or sentence are not cognizable under § 1983 in the absence of a demonstration that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87.

Noel alleged that the search warrants for his property contained false information and that evidence seized as a result of at least two of those warrants was used to obtain his convictions. He sought damages for his alleged unlawful incarceration. Because Noel intended to use § 1983 to collaterally attack the validity of his convictions, his civil rights claim may not proceed until his criminal convictions are overturned. *See id*. at 486–87. Noel did not allege that his criminal convictions had been overturned and his action could not be stayed while he challenged the validity of his convictions. *See Edwards*, 520 U.S. at 649. Noel's claims related to the September 4 search are not subject to bifurcation because his suit seeks damages for his alleged unlawful convictions and imprisonment, not separate damages caused by each individual search. The district court's construction of Noel's motion to hold the case in abeyance was proper under these circumstances. Because the district court dismissed Noel's civil rights action without prejudice, he may re-file his suit if he successfully challenges his criminal convictions.

Noel also argues that the district court failed to rule on his motion for the appointment of counsel. The district court's docket reflects that this motion was filed one month after the motion to hold the claims in abeyance. Shortly thereafter, the district court dismissed the case under Rule

41(a)(2). The district court's order of dismissal constituted an implicit denial of Noel's pending motion for the appointment of counsel. *See Wimberly v. Clark Controller Co.*, 364 F.2d 225, 227 (6th Cir. 1966).

The district court's denial of Noel's motion for the appointment of counsel was not an abuse of discretion. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). The appointment of counsel in a civil proceeding "is not a constitutional right" and "is justified only by exceptional circumstances." *Id*. at 605–06 (citations omitted). When "determining whether exceptional circumstances exist," courts generally examine the "complexity of the factual and legal issues involved" and the plaintiff's ability to represent himself. *Id.* at 606 (internal quotation marks and citations omitted). This case presented non-complex issues and Noel demonstrated his ability to handle the case in a *pro se* capacity throughout the proceedings. Further, there are no exceptional circumstances that would justify the appointment of counsel.

Perry and Sasse contest the district court's dismissal of Noel's claims against them without prejudice and advocate dismissal with prejudice. They contend that their dispositive motions did not rely upon *Heck*, but instead were based upon the fact that they are not state actors subject to liability under § 1983 and that Noel's complaint failed to state a §1985 conspiracy claim. Sasse fears defending Noel's action a second time should Noel prevail in any action challenging his criminal convictions.

The district court dismissed Noel's case under Rule 41(a)(2), which specifies that a dismissal pursuant to that rule "is without prejudice." Assuming that Noel successfully challenges his criminal convictions, re-files his civil action and identifies Perry and Sasse as defendants again, Perry and Sasse are protected from the expense of defending against a second civil action. If a plaintiff re-files "in any court" a previously dismissed action that is "based on or including the same claim against

the same defendant," a district court has the authority to "order the plaintiff to pay all or part of the costs of that previous action" and to "stay the proceedings until the plaintiff has complied" with the court's order. Fed. R. Civ. P. 41(d). Thus, the district court was not required to dismiss Noel's claims against these two defendants with prejudice in order to protect them from the expense of future litigation arising from the same claims should Noel re-file his action against them.

We deny the motion for the appointment of counsel and affirm the district court's order.