United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 04, 2004**

Charles R. Fulbruge III
Clerk

REVISED AUGUST 23, 2004

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-61067
(Summary Calendar)

———————————————

MERLEAN MARSHALL, INDIVIDUALLY AND
ON BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES OF LUCY R. SHEPARD, DECEASED;
ALPHONZO MARSHALL, INDIVIDUALLY AND
ON BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES OF LUCY R. SHEPARD, DECEASED;
ERIC SHEPARD, INDIVIDUALLY AND
ON BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES OF LUCY R. SHEPARD, DECEASED;

                                        Plaintiffs-Appellants,

versus

KANSAS CITY SOUTHERN RAILWAY COMPANY;
ERIC W. ROBINSON; ROBERT E. EVERETT;
C. L. DUETT; JOHN DOES, 1 THRU 10;

                                        Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Southern District of Mississippi

———————————————

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:

On appeal, Plaintiffs-Appellants identified in the caption of this case ("Plaintiffs") challenge the district court's denial of their motion for remand to state court. The district court had

1

ruled that the non-diverse defendants were fraudulently joined and refused to certify an interlocutory appeal of that ruling to us. After one unsuccessful attempt to appeal that decision to our court, Plaintiffs continued their efforts to gain an expedited appeal on this issue by attempting to manufacture appellate jurisdiction by voluntarily seeking dismissal of their claims against the diverse Defendant-Appellee, Kansas City Southern Railway Company ("KCS"). In so doing, Plaintiffs have forfeited their right to appeal —— presumably inadvertently —— because we must also dismiss this second appeal for lack of appellate jurisdiction.

## I. FACTS & PROCEEDINGS

This case arises out of a fatal railroad crossing accident that occurred in Scott County, Mississippi. The accident occurred when a van, driven by Lucy R. Shepard, collided with a KCS train. Shepard was killed, and her passenger, Phyllis B. McKee, was injured. Plaintiffs, as representatives of Shepard's wrongful death beneficiaries, filed this action in Mississippi state court asserting, inter alia, claims under that state's wrongful death statute. McKee filed a separate negligence action (the "McKee

2

case").[1]  In addition to KCS,[2] three members of the train crew, C.L. Duett, Eric Robinson, and Robert Everett (collectively the "train crew"), were named as defendants in both actions for their allegedly negligent operation of the train.  While this suit was pending in state court, Defendants propounded requests for admissions asking Plaintiffs to admit that there was no basis for joining the train crew defendants in this action.  Plaintiffs failed to respond timely to Defendants' requests for admissions.  Arguing that Plaintiffs' failure to respond resulted in the conclusive admission that no viable cause of action existed against the train crew,[3] Defendants removed the action to federal court on the assertion that the train crew defendants, who are Mississippi residents, were fraudulently joined solely to defeat diversity jurisdiction.

Plaintiffs filed a motion in district court seeking remand to state court.  In support of this motion, Plaintiffs submitted a sworn statement by Officer Jeff Pitts, a witness to the collision

---

[1] See McKee v. Kansas City S. Ry. Co., 358 F.3d 329 (5th Cir. 2004).  As with this action, the McKee case was also removed to federal court, where it was presided over by the same district judge who handled this case.

[2] KCS is a Missouri corporation with its home office and principal place of business in Kansas City.

[3] The requests for admissions were issued pursuant to Miss. R. Civ. P. 36.  The parties sharply contest whether the district court could properly treat Plaintiffs' failure to respond timely to the requests as a conclusive admission.  That dispute, however, does not affect our decision today.

between KCS's train and Shepard's van. The district court ordered that a remand deposition of Officer Pitts be taken and that the parties submit a transcript of his deposition to the court.

After reviewing Officer Pitts' deposition, the district court denied Plaintiffs' motion for remand. The court concluded that Officer Pitts' deposition "work[ed] against the plaintiffs" and that they could not establish any cause of action against the train crew. The district court consequently dismissed the train crew defendants from the action. Plaintiffs filed a motion for reconsideration to which they appended additional evidence and documentation to demonstrate the train crew's potential liability. The district court denied this motion, too.

Plaintiffs then appealed the district court's denial of their motion for remand and dismissal of the train crew defendants to this court. As the district court's remand decision was not certified for interlocutory appellate review under 28 U.S.C. § 1292(b) or Federal Rule of Civil Procedure 54(b), we dismissed that effort to obtain an interlocutory review because we lacked appellate jurisdiction.[4]

_____

[4] Marshall v. Kansas City S. Ry. Co., 45 Fed. Appx. 322 (5th Cir. 2002) ("Marshall I"). After filing their notice of appeal in Marshall I, Plaintiffs filed a Rule 54 motion in the district court to have a final judgment entered in favor of the train crew defendants. But because Plaintiffs had already filed their notice of appeal, the district court never ruled on that Rule 54 motion. See Texas Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.), 303 F.3d 571, 578-79 (5th Cir. 2002). In other words, Plaintiffs put the cart before the horse by filing their notice of appeal before submitting their

4

Next, the district court entered a scheduling order establishing a discovery completion deadline and setting the case for trial. Meanwhile, the McKee case had proceeded to trial, and a jury had rendered a verdict in favor of KCS.[5] On learning of that verdict, Plaintiffs filed a pleading styled Motion for Entry of Final Judgment in Favor of Defendant (the "Motion for Final Judgment"). This motion, which professed to rely on Federal Rule of Civil Procedure 54, stated that this case and the McKee case involved the same defendant (KCS) and identical issues. In their motion, Plaintiffs asserted that, "[s]ince the Court and [KCS] have previously opined that the jury's verdict in McKee and the final judgment entered pursuant to that verdict are binding upon the Plaintiff and [KCS] herein, there is no just reason to delay the entry of a final judgment in this action." Plaintiffs, therefore, asked the district court to "direct the entry of a final judgment against the Plaintiff and in favor of the Defendant in this action." Importantly, the Motion for Final Judgment said nothing about whether Plaintiffs were seeking dismissal with or without prejudice.

KCS filed a response in which it stated that Plaintiffs had miscited Rule 54 as the governing rule. Instead, explained KCS,

Rule 54 motion.

[5] In the McKee case, the district court had also dismissed the train crew defendants after concluding that they had been fraudulently joined. 358 F.3d at 332.

5

"[t]he proper rule under which the Plaintiff should be proceeding is Rule 41(a)(2)." KCS made the following representation:

> Defendant [KCS] has no objection to Plaintiff's request for dismissal of her claims against this Defendant and for entry of final judgment <u>with prejudice</u> in this Defendant's favor. It is apparent from Plaintiffs' Motion, and from representations by her counsel to this Defendant and the Court, that Plaintiff wishes to terminate proceedings before this Court and appeal to the Fifth Circuit Court of Appeals this Court's rulings denying the Plaintiffs' Motion to Remand and Motion to Reconsider Order Denying Remand. Defendant would agree to entry of an order dismissing Plaintiffs' claims <u>with prejudice</u> and expressly reserving the Plaintiffs' right to challenge this Court's subject matter jurisdiction over this action on appeal to the Fifth Circuit.[6]

Before the district court ruled on the Motion for Final Judgment, though, Plaintiffs filed yet another motion for reconsideration of the district court's initial order denying remand. This time they cited evidence from the <u>McKee</u> trial to demonstrate the viability of their claims against the train crew defendants.

In ruling on Plaintiffs' two pending motions, the district court first acknowledged that Plaintiffs had predicated their Motion for Final Judgement on Rule 54(b), but agreed with KCS and construed Plaintiffs' motion as one for voluntary dismissal under Rule 41(a)(2). The district court then granted Plaintiffs' motion, stating:

> There is no counterclaim in the instant case and the defendants do not object to the plaintiffs' motion. Therefore, the above styled and numbered cause is hereby dismissed in accordance with Rule 41(a)(2). As a special condition of this dismissal, the plaintiffs' motion for

---

[6] Emphasis added.

6

this court to enter a final judgment in favor of the defendants ... is hereby granted. This court hereby grants final judgment in favor of the defendants.

In the same order, the district court went on to deny Plaintiffs' renewed motion for reconsideration of the remand issue. Plaintiffs timely filed their notice of appeal, designating this order as the decision from which they were appealing.

## II.  ANALYSIS

Plaintiffs appeal the district court's denial of their motion for remand. In support, Plaintiffs advance arguments essentially identical to those advanced in McKee's appeal to this court, contesting the district court's denial of her motion for remand.[7] By attempting to manufacture appellate jurisdiction through the voluntarily dismissal of the remainder of their action against KCS, however, Plaintiffs have unwittingly stepped into the so-called "finality trap,"[8] thereby forfeiting altogether their right to appeal the district court's remand decision.

A.   MANUFACTURING APPELLATE JURISDICTION TO OBTAIN A QUASI-
     INTERLOCUTORY APPEAL

The starting point of our analysis is 28 U.S.C. § 1291, the jurisdictional statute on which Plaintiffs now rely in seeking appellate relief from us. Generally, all claims and issues in a case must be adjudicated in the district court, and a final

---

[7] See McKee, 358 F.3d at 333-37.

[8] Terry W. Schackmann & Barry L. Pickens, The Finality Trap: Accidentally Losing Your Right to Appeal, 58 J. MO. B. 78 (2002).

7

judgment or order must be issued, before our jurisdiction can be invoked under § 1291.[9]  This "final judgment rule" creates appellate jurisdiction only after a decision that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[10]  Here, the district court refused to certify its denial of Plaintiffs' motion for remand for an interlocutory appeal under 28 U.S.C. § 1292(b).  Neither did the court enter a final judgment pursuant to Rule 54(b) in favor of the dismissed train crew defendants.[11]

All parties agree that the McKee case and this action involved the same defendant (KSC), identical operative facts, and substantially overlapping legal claims.  Additionally, both cases proceeded before the same district judge.  Consequently, after the jury rendered a verdict for KCS in the McKee case, the Plaintiff (and possibly the district court as well) apparently expected KCS to raise the defense of res judicata or issue preclusion in this case.  Critically, though, nothing in the record reflects any

---

[9] This provision provides, in pertinent part, that "[t]he courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States ... except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291 (emphasis added).

[10] Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373, 101 S. Ct. 669, 673 (1981) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S. Ct. 2454, 2457 (1978)).  For now, we disregard the narrow exception to the final judgment rule embodied in the collateral order doctrine.

[11] See supra note 4.

assertion of these defenses by KCS.[12]  Instead, Plaintiffs preemptively filed their Motion for Final Judgment, asking the district court to "direct the entry of a final judgment against the Plaintiff[s] and in favor of the Defendant in this action."  In effect, Plaintiffs sought to manufacture a final judgment — and through it appellate jurisdiction — to obtain an immediate appellate ruling on the question of fraudulent joinder.

The Plaintiffs' problem with the strategy they employed is that it runs headlong into the "settled rule in the Fifth Circuit that appellate jurisdiction over a non-final order cannot be created by dismissing the remaining claims without prejudice."[13]  And, a Rule 41(a) dismissal without prejudice is not deemed to be a "final decision" for the purposes of § 1291.  This rule can be traced back to our decision in Ryan v. Occidental Petroleum Corp.[14]  In Ryan, we explained that when a district court grants a party's request for a voluntary dismissal, he "gets what he seeks, i.e., a dismissal without an adjudication on the merits, and he is entitled

---

[12] In their Motion for Final Judgment, Plaintiffs stated that the district court and KCS had "previously opined that the jury's verdict in McKee and the final judgment entered pursuant to that verdict [were] binding upon the Plaintiff and [KCS] herein," but the record is devoid of any ruling, opinion, or statement by the district judge to this effect.  KCS never filed any supplemental pleading asserting the affirmative defense of res judicata or issue preclusion.  See FED. R. CIV. P. 8(c).

[13] Swope v. Columbian Chems. Co., 281 F.3d 185, 192 (5th Cir. 2002) (emphasis added).

[14] 577 F.2d 298 (5th Cir. 1978).

9

to bring a later suit on the same cause of action."[15]  Therefore, a party cannot use voluntary dismissal <u>without</u> prejudice as an end-run around the final judgment rule to convert an otherwise non-final — and thus non-appealable — ruling into a final decision appealable under § 1291.[16]

Typically, the <u>Ryan</u> rule operates when a plaintiff has filed multiple claims against a single party, or against multiple parties, and the district court has dismissed some but not all of the claims.  Then, in an effort to preserve his remaining claims while simultaneously appealing the adverse dismissal, the plaintiff implores the district court to dismiss his remaining claims <u>without</u> prejudice and enter a final judgment.[17]  <u>Ryan</u> eschews this practice of manufacturing § 1291 appellate jurisdiction and disallows the manipulative plaintiff from having his cake (the ability to refile the claims voluntarily dismissed) and eating it too (getting an early appellate bite at reversing the claims dismissed involuntarily).[18]  This prohibition of quasi-interlocutory appeals applies equally to a plaintiff's attempt to use a Rule 41(a)

---

[15] <u>Id.</u> at 302.

[16] <u>See</u> <u>id.</u>

[17] <u>See</u> Schackmann & Pickens, <u>supra</u> note 8, at 78-80.

[18] <u>See</u> <u>generally</u> <u>Swope</u>, 281 F.3d at 192-94; <u>State Treasurer of Michigan v. Barry</u>, 168 F.3d 8, 14-16 (11th Cir. 1999).  <u>See also</u> Rebecca A. Cochran, <u>Gaining Appellate Review by "Manufacturing" A Final Judgment Through Voluntary Dismissal of Peripheral Claims</u>, 48 MERCER L. REV. 979 (1997).

voluntary dismissal to construct the jurisdictional basis for appealing a district court's denial of a motion for remand.[19]

In contrast, when a plaintiff agrees to have his remaining claims dismissed <u>with</u> prejudice, <u>Ryan</u>'s rule is not implicated because the plaintiff is precluded from refiling the same action elsewhere. "[I]f the plaintiff is unsuccessful in challenging the district court's action, then the dismissal operates as an adjudication on the merits and the litigation is terminated."[20] Thus, the policy against permitting interlocutory appeals in all but those limited circumstances that are specifically prescribed in the Federal Rules and the Judicial Code is furthered because when "the appellant voluntarily dismisses his action with prejudice and loses on appeal, the district court is saved the time and effort of conducting extended trial proceedings and there is in addition no possibility of piecemeal appeals."[21]

The determinative question for the issue here presented, then, is whether the district court's dismissal of this action was with or without prejudice.

---

[19] <u>See</u>, <u>e.g.</u>, <u>Martin v. Franklin Capital Corp.</u>, 251 F.3d 1284, 1288-89 (10th Cir. 2001); <u>Concha v. London</u>, 62 F.3d 1493, 1506-08 (9th Cir. 1995).

[20] <u>Martin</u>, 251 F.3d at 1289 (quoting <u>Concha</u>, 62 F.3d at 1507).

[21] <u>Id.</u> (quoting <u>Concha</u>, 62 F.3d at 1508 n.8). <u>See</u> <u>also</u> Cochran, <u>supra</u> note 18.

B.   DISMISSAL WITH OR WITHOUT PREJUDICE?

Because the district court's order granting Plaintiff's Motion for Final Judgment is silent on the question of prejudice, it is reasonably susceptible to two contradictory readings.  On the one hand, the order states that the court is dismissing the action "in accordance with Rule 41(a)(2)," which expressly states that dismissals under that rule are without prejudice "[u]nless otherwise specified in the order."[22]  On the other hand, the district court's order purports to engraft a "special condition" on the dismissal by granting Plaintiffs' Motion for Final Judgment and entering "a final judgment in favor of the defendants."  And, earlier in its order, the district court remarked that Plaintiffs' Motion for Final Judgment was "mov[ing] for a final judgment <u>with prejudice</u> pursuant to Rule 54(b)."[23]  As noted previously, though, Plaintiffs' motion does not state whether the dismissal being sought was to be with or without prejudice.

In their reply brief on appeal, Plaintiffs vigorously assert that their motion "requested entry of final judgment, but not with prejudice."  Absent this assertion, we could conceivably interpret

---

[22] FED. R. CIV. P. 41(a)(2). <u>See</u> <u>Plumberman, Inc. v. Urban Sys. Dev. Corp.</u>, 605 F.2d 161, 161 (5th Cir. 1979) (holding that if a Rule 41(a)(2) dismissal order fails to specify whether the dismissal is with or without prejudice, the dismissal is treated as one without prejudice).  <u>See</u> <u>also</u> 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2367, at 318-19 (2d ed. 1995) ("If the court's order is silent on this point, the dismissal is without prejudice.").

[23] Emphasis added.

12

the district court's order either way; and if we were to construe it as a dismissal <u>with</u> prejudice, we would have appellate jurisdiction and could proceed to resolve Plaintiffs' challenge to the district court's denial of their motion for remand.[24] But, given (1) Plaintiffs' most recent insistence that the dismissal at issue was <u>without</u> prejudice and (2) the express language in Rule 41(a)(2) that a dismissal under that rule is <u>without</u> prejudice "[u]nless otherwise specified in the order" (which it is not), we are constrained to conclude that the dismissal was, in fact, <u>without</u> prejudice.[25] Therefore, the <u>Ryan</u> rule controls our decision, and we must dismiss this appeal for lack of appellate jurisdiction.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' appeal is dismissed for lack of jurisdiction.

---

[24] For their part, the Defendants rely on two Eleventh Circuit decisions that have gone far beyond <u>Ryan</u>'s scope to hold that appellate jurisdiction is lacking even if the plaintiff has his underlying action dismissed with prejudice. <u>Druhan v. American Mut. Life</u>, 166 F.3d 1324, 1325-27 (11th Cir. 1999); <u>Woodard v. STP Corp.</u>, 170 F.3d 1043, 1044 (11th Cir. 1999). The Eleventh Circuit's reasoning in these decisions seems to conflict with the rationale underlying <u>Ryan</u>. <u>See</u> <u>Swope</u>, 281 F.3d at 192-94; <u>Barry</u>, 168 F.3d at 14-16; Cochran, <u>supra</u> note 18. We need not wrestle with this question today because <u>Druhan</u> and <u>Woodard</u> are not binding on us, and they would not affect the ultimate outcome of this appeal.

[25] <u>See</u> Cochran, <u>supra</u> note 18, at 1017 ("Litigants have the responsibility to obtain dismissal orders of peripheral claims that state they are dismissed with prejudice and to account for the resolution of all pieces of the district court litigation.").

13

DISMISSED.