# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 2, 2011

Lyle W. Cayce
Clerk

No. 11-40286
Summary Calendar

KELLY FERRIS,

Plaintiff–Appellant

v.

ROBERT VITITOW,

Defendant–Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:08-CV-373

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

This case arises out of a grand jury proceeding wherein Kelly Ferris, the Appellant, was indicted for perjury stemming from his conduct during a Justice of the Peace ("JP") trial about a traffic ticket that Ferris received. Because we find that Ferris has not met his burden of showing that there is a dispute over material facts, we find that Robert Vititow, the prosecutor who brought the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40286

indictment and the Appellee, is entitled to absolute immunity. Therefore, we AFFIRM the district court's grant of summary judgment to Vititow.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2005, a Texas state trooper cited Ferris for speeding. Ferris contested the citation, and a trial was held in the JP court for Rains County, Texas. Vititow, the Rains County Attorney, prosecuted the case on behalf of the county. It was Ferris's argument in the JP trial that his truck was a different model year from the one written on his speeding citation from the state trooper. The JP jury found Ferris not guilty of speeding.

Following the JP trial, Vititow conducted a tax, title, and license search on Ferris's vehicle and discovered that, in fact, the model year of Ferris's truck was the same as the trooper noted on Ferris's citation. Vititow decided to convene a grand jury to obtain an indictment against Vititow for perjury before the JP court. Only one witness testified before the grand jury—the JP who presided over the traffic trial. The grand jury returned a two-count indictment for perjury against Ferris. Ferris was subsequently arrested.

Before the perjury trial commenced in state court, Ferris objected to Vititow's prosecution of him and asked for Vititow's recusal from the case, to which Vititow eventually acquiesced. The two-count perjury indictment was then dismissed, but a new three-count indictment was obtained from a different grand jury by a different attorney against Ferris for perjury. A trial was held on the three-count indictment, and the jury found Ferris not guilty of perjury.

Ferris then brought a § 1983 suit against Vititow in district court alleging violations of Ferris's rights under the Fourth Amendment (false arrest) and Fourteenth Amendment (bad faith prosecution). *See* 42 U.S.C. 1983. Vititow moved to dismiss based on prosecutorial immunity, which the district court denied. Limited discovery was then conducted as to immunity issues, and Vititow moved for summary judgment. The district court granted summary

2

No. 11-40286

judgment to Vititow because qualified immunity protected him from suit stemming from his conduct in investigating the perjury charge and absolute immunity protected him from suit stemming from his conduct before the grand jury.  Ferris timely appealed the district court's ruling but only as to Vititow's immunity for his grand jury conduct.

## II.  JURISDICTION

We have jurisdiction to review Ferris's claim under 28 U.S.C. § 1291. Although Ferris appealed the orders granting summary judgment and not the final judgment order from the district court, we still have jurisdiction because the orders that Ferris appealed "end[ed] the litigation on the merits and le[ft] nothing for the court to do but execute the judgment." *Marshall v. Kan. City S. Ry. Co.*, 378 F.3d 495, 499 (5th Cir. 2004) (per curiam) (internal quotation marks omitted).

## III.  STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, applying the same standards as the district court.  *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 124 (5th Cir. 2011).  Summary judgment is appropriate where the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); Fed. R. Civ. P. 56(a)).  If the movant "meets the initial burden of demonstrating that there exists no genuine issue of material fact," then absent rebutting evidence by the non-movant, summary judgment should be granted.  *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317[, 322] (1986)).  In making the summary judgment determination, all inferences are drawn in favor of the non-movant.  *Id.*

## IV.  DISCUSSION

"[A] prosecutor is absolutely immune when [he] acts in [his] role as an advocate for the state by initiating and pursuing prosecution." *Beck v. Tex. State*

No. 11-40286

*Bd. of Dental Exam'rs*, 204 F.3d 629, 637 (5th Cir. 2000); *see also Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This immunity extends to a "prosecutor's conduct before a grand jury." *Burns v. Reed*, 500 U.S. 478, 490 (1991). This immunity does not, however, extend to "administrative or investigatory functions that are not an integral part of the judicial process." *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987). When determining if a particular action fits within the prosecutor's absolute immunity, we look to the "nature of the function performed." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (internal quotation marks omitted). One action to which absolute prosecutorial immunity does not extend is the prosecutor giving his own sworn testimony. *Kalina v. Fletcher*, 522 U.S. 118, 120 (1997).

Ferris argues that there would have been no way for the first grand jury to have returned the two-count perjury indictment without Vititow testifying and therefore, Vititow should not have been granted immunity. Ferris based this argument on the fact that only one witness was called before the first grand jury—the JP who presided over Ferris's traffic trial. At Ferris's perjury trial, that JP testified that Ferris only discussed the model year discrepancy during his cross-examination questioning of other witnesses and during his closing argument. Neither of these times was Ferris under oath, a key element under the Texas perjury statute under which Ferris was charged. *See* Tex. Penal Code § 37.02(a)(1). Ferris argues that we should assume that the JP testified consistently with his trial testimony during the grand jury proceedings. That is, that Ferris never discussed model year under oath. From this, Ferris reasons that absent testimony that he stated, under oath, that his truck was a different model year from the one that the trooper recorded on his citation, there was no basis for the grand jury to indict Ferris unless Vititow also gave testimony to the grand jury. There is, however, no evidence in the record of any of this, and

No. 11-40286

consequently, Ferris cannot meet his burden of proving a material factual dispute. *Hernandez*, 641 F.3d at 124.

## V.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to Vititow.

AFFIRMED.