**LUVATA GRENADA, L.L.C., Plaintiff–Appellant Cross–Appellee**

v.

**DANFOSS INDUSTRIES S.A. DE C.V., Defendant–Appellee Cross–Appellant.**

**No. 15–60477**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 11, 2016.

Ryan King Cummings, Esq., Hodgson Russ, L.L.P., Buffalo, NY, James L. Robertson, Esq., Wise Carter Child & Caraway, P.A., Jackson, MS, for Plaintiff–Appellant Cross–Appellee.

James Cal Mayo, Jr., Esq., Kate M. Embry, Mayo Mallette, P.L.L.C., Oxford, MS, for Defendant–Appellee Cross–Appellant.

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Plaintiff Luvata Grenada, L.L.C. appeals the dismissal of its case against defendant Danfoss Industries S.A. de C.V. ("Danfoss Mexico"). The district court dismissed Luvata Grenada's suit against Danfoss Mexico for lack of personal jurisdiction. We dismiss the appeal for want of appellate jurisdiction.

Luvata Grenada filed suit in federal district court against defendants Danfoss Mexico and Danfoss, LLC ("Danfoss US") alleging breach of contract, breach of warranties, negligent misrepresentation, and negligent design. The defendants moved to dismiss the suit under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and Danfoss Mexico moved to dismiss for lack of personal jurisdiction under Rule 12(b)(2). The district court denied defendants' Rule 12(b)(1) motion, granted the Rule 12(b)(2) motion, and dismissed the suit against Danfoss Mexico. The district court's order retained federal question and supplemental subject matter jurisdiction over Luvata Grenada's claims against Danfoss US. Luvata Grenada and Danfoss US stipulated to a voluntary dismissal without prejudice as to the claims against Danfoss US. Luvata appealed, and Danfoss Mexico cross-appealed the denial of the 12(b)(1) motion.

The parties to this appeal contend that this court has appellate jurisdiction pursuant to 28 U.S.C. § 1291, presumably assuming that the stipulation of dismissal without prejudice as to Danfoss US converted the district court's order dismissing the claims against Danfoss Mexico into a final judgment. However, it is well settled in this circuit that parties cannot manufacture appellate jurisdiction by agreeing to dismiss remaining claims without prejudice. *Marshall v. Kan. City S. Ry. Co.*, 378 F.3d 495, 500 (5th Cir. 2004). The district court's order dismissing Luvata Grenada's claims against Danfoss Mexico was not a final appealable order because the district court retained

jurisdiction over Luvata Grenada's claims against Danfoss US. *See Bader v. Atl. Int'l, Ltd.,* 986 F.2d 912, 914–15 (5th Cir. 1993) (noting that a judgment is final when it adjudicates all claims, rights, and liabilities of all the parties). The parties did not obtain a Rule 54(b) certification from the district court, and they cannot achieve the same result by "self help." *See Marshall,* 378 F.3d at 500 ("[A] party cannot use voluntary dismissal *without* prejudice as an end-run around the final judgment rule to convert an otherwise non-final—and thus non-appealable—ruling into a final decision appealable under § 1291." (citing *Ryan v. Occidental Petroleum Corp.,* 577 F.2d 298, 302 (5th Cir. 1978))). The parties' stipulation of dismissal without prejudice thus does not convert the district court's non-final ruling into a final decision appealable under § 1291. *Id.* Accordingly, we lack jurisdiction over this appeal.

DISMISSED.