# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31159

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2019

Lyle W. Cayce
Clerk

TARSIA WILLIAMS; BRECK WILLIAMS,

Plaintiffs - Appellants

v.

TAYLOR SEIDENBACH, INCORPORATED,

Defendant - Appellee

Consolidated for argument with 18-31161

TARSIA WILLIAMS; BRECK WILLIAMS,

Plaintiffs - Appellants

v.

MCCARTY CORPORATION,

Defendant - Appellee

Appeals from the United States District Court
for the Eastern District of Louisiana

Before HAYNES, GRAVES, and DUNCAN, Circuit Judges.

STUART KYLE DUNCAN, Circuit Judge:

No. 18-31159
c/w No. 18-31161

For the second time, we address whether we have appellate jurisdiction in this case. We previously recounted the case's convoluted history, *see Williams v. Taylor-Seidenbach, Inc.*, 748 F. App'x 584 (5th Cir. 2018) (per curiam) ("*Williams I*"), and here provide only the relevant details. This case arises from a 2008 state court suit by Frank Williams, Jr.,[1] alleging he contracted mesothelioma from asbestos while working at a NASA facility in Louisiana. He sued multiple defendants, including Appellees Taylor-Seidenbach and McCarty. The case was removed to the Eastern District of Louisiana and later transferred to the Eastern District of Pennsylvania's multi-district asbestos litigation ("MDL"). In June 2014, the MDL court granted summary judgment to several defendants including Appellees—based on insufficient evidence of causation—and subsequently remanded the entire case back to the Eastern District of Louisiana.

In November 2016, Williams moved to voluntarily dismiss the four remaining defendants. As to one defendant, Williams moved to dismiss with prejudice; as to the three others, Williams did not specify whether dismissal was with or without prejudice. Accordingly, the district court dismissed one defendant with prejudice and the other three without specifying either way. Williams then appealed to this court, seeking review of the MDL court's summary judgment grants and other orders.

We dismissed the appeal for lack of jurisdiction. *Williams I*, 748 F. App'x 584. We applied the "settled rule that 'appellate jurisdiction over a non-final order cannot be created by dismissing the remaining claims without prejudice[.]'" 748 F. App'x at 587 (quoting *Swope v. Columbian Chemicals Co.*, 281 F.3d 185, 192 (5th Cir. 2002)). The district court's order dismissing three of the remaining

---

[1] Frank Williams passed away during the litigation, and his children, Tarsia and Breck Williams, were substituted for him. We refer to the plaintiffs collectively as "Williams."

defendants did not specify whether the dismissal was with or without prejudice and so it was presumed to be without prejudice. *Id.* (citing Fed. R. Civ. P. 41(a); *Marshall v. Kan. City S. Ry. Co.*, 378 F.3d 495, 501 (5th Cir. 2004)). We explained that, in those circumstances, Williams could have created a final appealable judgment under 28 U.S.C. § 1291 only by "fil[ing] for a Rule 54(b) certification with the trial court." *Id.* Lacking that, we held the without-prejudice dismissal "was not a 'final decision' under § 1291 and did not create appellate jurisdiction." *Id.*[2] In other words, Williams had "stepped into the so-called 'finality trap.'" *Marshall*, 378 F.3d at 499; *see, e.g., 84 Lumber Co. v. Continental Cas. Co.*, 914 F.3d 329, 332–33 (5th Cir. 2019) ("[A] party cannot use voluntary dismissal *without prejudice* as an end-run around the final judgment rule to convert an otherwise non-final—and thus non-appealable—ruling into a final decision appealable under § 1291.") (quoting *Marshall,* 378 F.3d at 500) (cleaned up); *see also generally Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 301–03 (5th Cir. 1978) (explaining genesis of rule).

That brings us to the present appeal. Attempting to cure the jurisdictional defect identified in *Williams I*, Williams returned to the district court and moved, pursuant to Rule 54(b), that the defendants previously dismissed *without* prejudice should now be dismissed *with* prejudice. As to those defendants, the district court then "direct[ed] entry of a final judgment under Rule 54(b) **WITH PREJUDICE AND AGAINST PLAINTIFFS** . . . but only to the extent any claims might still exist and are

---

[2] We also explained that "the [district court's] grant of [Williams'] Rule 58 motion for entry of judgment similarly did not create appellate jurisdiction, as such order did not alter the district court's dismissal of multiple defendants *without* prejudice." *Id*. As we pointed out, "Rule 58(b)(1)(C) only directs the clerk to 'promptly prepare, sign, and enter the judgment when . . . the court denies all relief'" and, moreover, "specifically states that it is subject to Rule 54(b)." *Id*.

<u>not time barred</u>" (bold and underlining in original). The court added that the matter "appear[ed] ripe for appeal <u>provided</u> appellate rights, if any, still exist and are still timely for presentment" (underlining in original). Armed with this new judgment, Williams again appeals. In response, Appellees argue we still lack appellate jurisdiction for the same reasons explained in *Williams I*. We agree.

Contrary to Williams' argument, the jurisdictional defect identified in *Williams I* was not cured by the subsequent Rule 54(b) judgment. The three remaining defendants had already been voluntarily dismissed under Rule 41(a), and, after that, the case against them "no longer [wa]s pending in the district court and no further proceedings in the action [we]re proper." 9 WRIGHT & MILLER, FED. PRAC. & PROC. § 2367 (discussing effects of Rule 41(a) voluntary dismissal); *cf., e.g., Nat'l City Golf Fin. v. Commercial Capital Co.*, 899 F.3d 412, 415–416 (5th Cir. 2018) (explaining "[a] stipulation of dismissal under [Rule 41(a)(1)(A)(ii)] ordinarily—and automatically—strips the district court of subject-matter jurisdiction"). As a result, the subsequent Rule 54(b) judgment could have had no effect. *Cf., e.g., SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th. Cir 2010) (explaining that any district court action following the filing of a Rule 41(a)(1)(A)(ii) stipulation of dismissal "can have no force or effect"). Furthermore, as we pointed out in *Williams I*, the fact that the district court labeled its Rule 54(b) "judgment final does not necessarily make it so." 748 F. App'x at 587 (citing *Witherspoon v. White*, 111 F.3d 399, 401 (5th Cir. 1997)). Thus, the Rule 54(b) judgment did not retroactively transform the prior without-prejudice dismissals into with-prejudice dismissals. We therefore conclude that the finality trap, which was found to bar appellate jurisdiction in *Williams I*, remains shut.

The appeal is DISMISSED for lack of jurisdiction.

No. 18-31159
c/w No. 18-31161

HAYNES, Circuit Judge, concurring:

I concur in the judgment of the court only because it faithfully applies our precedent as we are bound to do. I write separately, however, because our precedent at best is muddled, and at worst is simply wrong and illogical. I understand the basic underpinning of the original rule: we do not want parties to circumvent the rules that limit interlocutory appeals by "creating" finality where there is none. *See Ryan v. Occidental Petroleum Corp.*, 577 F.3d 298, 301–03 (5th Cir. 1978). The determination that a voluntary dismissal without prejudice is not "final" is itself suspect, though, given that, when a case is dismissed in full without prejudice, there is nothing left for the district court to do. Absent something else happening, like an appellate decision, a Rule 60(b) motion, or a new lawsuit, the district court will not see those parties in that case again. Cases dismissed *with* prejudice are no different: an appellate court may reverse, a party can file a Rule 60(b) motion, and a party can file the exact same lawsuit again (although it may be subject to a res judicata defense, the lawsuit can be refiled)—all instances where the case returns to the district court.

But we need not revisit *Ryan* and its progeny to correct the disturbing outcome here. Even assuming arguendo the validity of the precedent applied during the first appeal of this case (finding the dismissal was "not final"), *see Williams v. Taylor-Seidenbach, Inc.*, 748 F. App'x 584 (5th Cir. 2018) (per curiam) ("*Williams I*"), our precedent under the "finality trap" does not follow logically.

For one thing, to the extent that this inability to appeal is meant as a sanction for the "misconduct" of voluntarily dismissing without prejudice, we require much more (rightly so) for litigation-ending  or "death penalty

5

No. 18-31159
c/w No. 18-31161

sanctions" in other contexts. *See, e.g., Smith v. Legg*, 24 F.3d 650, 654 (5th Cir. 1994). Nothing suggests such a sanction is appropriate here.

Furthermore, we have the core of the problem: either the district court decision is final, or it is not. If it was not final, then the district court's subsequent order granting Rule 54(b) relief should allow us to exercise appellate jurisdiction here. If it was final, then the panel in *Williams I* should have asserted jurisdiction. But somehow, applying the "finality trap," both are true, and neither is true: in this case, the exact same judgment is both final and not final. In the John Minor Wisdom Courthouse (housing the Fifth Circuit), this decision was "not final." But as the case traipses along the courtyard of fewer than 100 feet to the Hale Boggs Federal Building (housing this district court), it suddenly becomes final again. How does that make any sense?

New Orleans tourists often revel in the numerous ghost tours available throughout the city. But, as courts, we should not allow ghostly magic to transform a decision from not final to final and vice-versa merely because it crosses (virtually) a courtyard between a district court building and circuit court building.

Indeed, the very fact of a "trap" should "tip us off that [the finality trap] rests on a mistaken view" of the law. *See Knick v. Town of Scott*, 139 S. Ct. 2162, 2167 (2019) (addressing "trap" created by rule that party must first seek state relief but then is usually barred by state's denial of relief in seeking compensation for takings in violation of the Fifth Amendment). We should take this case en banc to correct this egregious mess and make it clear that when we have deemed a case "not final" for purposes of appeal because of a dismissal without prejudice, then the district court regains jurisdiction to "fix" the lack of finality either by granting a Rule 54(b) motion or revising the

6

No. 18-31159
c/w No. 18-31161

dismissal "without prejudice" to render it "with prejudice."[1]   Thus, while I concur in the majority opinion under current precedent, I strongly disagree with the underlying rationale.[2]

---

[1] The solution to this problem is not earth-shattering.  The en banc court would merely have to slightly alter current precedent that "*any* action by the district court after the filing of such [Rule 41(a)(1)(A)(ii)] a stipulation can have no force or effect because the matter has already been dismissed by the parties themselves without any court action" by allowing the district court to grant Rule 54(b) relief or enter a dismissal with prejudice with the consent of the plaintiff.  *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 663 (5th Cir. 2010) (emphasis added).

[2] Some of our sister circuits have found more logical solutions with respect to the "finality trap."  For example, the Ninth Circuit applies a case-by-case analysis, allowing for appeals after dismissals without prejudice, if "the record reveals no evidence of intent to manipulate [] appellate jurisdiction."  *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1069–70 (9th Cir. 2002) (rejecting the *Ryan* rule and stating agreement with the Sixth, Seventh, and Eighth Circuits).  The Seventh and Fourth Circuits look to the state of the litigation when the appeal is taken.  *See, e.g., Sims v. EGA Prod., Inc.*, 475 F.3d 865, 867 (7th Cir. 2007) ("In evaluating 'finality,' we [have held that] it is essential to look at the whole picture, including claims that have been put on the back burner through a dismissal-with-leave-to-reinstate procedure."); *GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 176 (4th Cir. 2007) ("What makes [dismissal without prejudice] final or nonfinal is not the speculative possibility of a new lawsuit, but that they 'end the litigation on the merits and leave nothing for the court to do but execute the judgment.'" (quotation omitted).  The First and Third Circuits allow the court to rely on the litigants' consent or declarations.  *See Scanlon v. M.V. SUPER SERVANT 3*, 429 F.3d 6, 8 (1st Cir. 2005) ("[I]t is possible for a party to consent to a judgment and still preserve [its] right to appeal a previous ruling on a contested matter in the case, as long as it reserve[s] that right unequivocally."); *Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991) (finding that plaintiffs cured the appellate jurisdictional defect by "renounce[ing], through letter briefs, any intention to take further action against the [defendants]").