STUART KYLE DUNCAN, Circuit Judge:
For the second time, we address whether we have appellate jurisdiction in this case. We previously recounted the case's convoluted history, see Williams v. Taylor-Seidenbach, Inc. , 748 F. App'x 584 (5th Cir. 2018) (per curiam) (" Williams I "), and here provide only the relevant details. This case arises from a 2008 state court suit by Frank Williams, Jr.,[1] alleging he contracted mesothelioma from asbestos while working at a NASA facility in Louisiana. He sued multiple defendants, including Appellees Taylor-Seidenbach and McCarty. The case was removed to the Eastern District of Louisiana and later transferred to the Eastern District of Pennsylvania's multi-district asbestos litigation ("MDL"). In June 2014, the MDL court granted summary judgment to several defendants including Appellees-based on insufficient evidence of causation-and subsequently remanded the entire case back to the Eastern District of Louisiana.
In November 2016, Williams moved to voluntarily dismiss the four remaining defendants. As to one defendant, Williams moved to dismiss with prejudice; as to the three others, Williams did not specify whether dismissal was with or without prejudice. Accordingly, the district court dismissed one defendant with prejudice and the other three without specifying either way. Williams then appealed to this court, seeking review of the MDL court's summary judgment grants and other orders.
We dismissed the appeal for lack of jurisdiction. Williams I , 748 F. App'x 584. We applied the "settled rule that 'appellate jurisdiction over a non-final order cannot be created by dismissing the remaining claims without prejudice[.]' " 748 F. App'x at 587 (quoting Swope v. Columbian Chemicals Co. , 281 F.3d 185, 192 (5th Cir. 2002) ). The district court's order dismissing three of the remaining defendants did not specify whether the dismissal was with or without prejudice and so it was presumed to be without prejudice. Id. (citing Fed. R. Civ. P. 41(a) ; Marshall v. Kan. City S. Ry. Co. , 378 F.3d 495, 501 (5th Cir. 2004) ). We explained that, in those circumstances, Williams could have created a final appealable judgment under 28 U.S.C. § 1291 only by "fil[ing] for a Rule 54(b)
*360 certification with the trial court." Id. Lacking that, we held the without-prejudice dismissal "was not a 'final decision' under § 1291 and did not create appellate jurisdiction." Id.[2] In other words, Williams had "stepped into the so-called 'finality trap.' " Marshall , 378 F.3d at 499 ; see, e.g., 84 Lumber Co. v. Continental Cas. Co. , 914 F.3d 329, 332-33 (5th Cir. 2019) ("[A] party cannot use voluntary dismissal without prejudice as an end-run around the final judgment rule to convert an otherwise non-final-and thus non-appealable-ruling into a final decision appealable under § 1291.") (quoting Marshall , 378 F.3d at 500 ) (cleaned up); see also generally Ryan v. Occidental Petroleum Corp. , 577 F.2d 298, 301-03 (5th Cir. 1978) (explaining genesis of rule).
That brings us to the present appeal. Attempting to cure the jurisdictional defect identified in Williams I , Williams returned to the district court and moved, pursuant to Rule 54(b), that the defendants previously dismissed without prejudice should now be dismissed with prejudice. As to those defendants, the district court then "direct[ed] entry of a final judgment under Rule 54(b) WITH PREJUDICE AND AGAINST PLAINTIFFS ... but only to the extent any claims might still exist and are not time barred" (bold and underlining in original). The court added that the matter "appear[ed] ripe for appeal provided appellate rights, if any, still exist and are still timely for presentment" (underlining in original). Armed with this new judgment, Williams again appeals. In response, Appellees argue we still lack appellate jurisdiction for the same reasons explained in Williams I. We agree.
Contrary to Williams' argument, the jurisdictional defect identified in Williams I was not cured by the subsequent Rule 54(b) judgment. The three remaining defendants had already been voluntarily dismissed under Rule 41(a), and, after that, the case against them "no longer [wa]s pending in the district court and no further proceedings in the action [we]re proper." 9 WRIGHT & MILLER , FED. PRAC. & PROC. § 2367 (discussing effects of Rule 41(a) voluntary dismissal); cf., e.g., Nat'l City Golf Fin. v. Commercial Capital Co. , 899 F.3d 412, 415-416 (5th Cir. 2018) (explaining "[a] stipulation of dismissal under [ Rule 41(a)(1)(A)(ii) ] ordinarily-and automatically-strips the district court of subject-matter jurisdiction"). As a result, the subsequent Rule 54(b) judgment could have had no effect. Cf., e.g., SmallBizPros, Inc. v. MacDonald , 618 F.3d 458, 463 (5th. Cir 2010) (explaining that any district court action following the filing of a Rule 41(a)(1)(A)(ii) stipulation of dismissal "can have no force or effect"). Furthermore, as we pointed out in Williams I , the fact that the district court labeled its Rule 54(b) "judgment final does not necessarily make it so." 748 F. App'x at 587 (citing Witherspoon v. White , 111 F.3d 399, 401 (5th Cir. 1997) ). Thus, the Rule 54(b) judgment did not retroactively transform the prior without-prejudice dismissals into with-prejudice dismissals. We therefore conclude that the finality trap, which was found to bar appellate jurisdiction in Williams I , remains shut.
The appeal is DISMISSED for lack of jurisdiction.

Frank Williams passed away during the litigation, and his children, Tarsia and Breck Williams, were substituted for him. We refer to the plaintiffs collectively as "Williams."

We also explained that "the [district court's] grant of [Williams'] Rule 58 motion for entry of judgment similarly did not create appellate jurisdiction, as such order did not alter the district court's dismissal of multiple defendants without prejudice." Id . As we pointed out, "Rule 58(b)(1)(C) only directs the clerk to 'promptly prepare, sign, and enter the judgment when ... the court denies all relief' " and, moreover, "specifically states that it is subject to Rule 54(b)." Id.