# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-51055

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2019

Lyle W. Cayce
Clerk

In the Matter of:  GLORIA ARTESIA PENN

      Debtor

GLORIA ARTESIA PENN, Debtor,

      Appellant

v.

MARY K. VIEGELAHN

      Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-354

Before CLEMENT, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

## BACKGROUND

Gloria Penn filed a Chapter 13 bankruptcy petition in the Western District of Texas. Among her assets, she listed an income-tax refund for $5,832.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-51055

The form Chapter 13 plan adopted by the Western District allows debtors to retain only the first $2000 of a tax refund as nondisposable income, with the rest being paid into the plan. *See* Fed. R. Bankr. P. 3015.1 (authorizing a district to require the use of a local form for a Chapter 13 plan). But Penn submitted a plan to the bankruptcy court that included a "nonstandard" provision "reserv[ing] [her] right to file [a] relevant motion to retain [a] tax refund should a special need arise, to the extent said potential refund is not disposable income." She then filed a motion to retain her entire 2017 refund to use for home repairs. The Chapter 13 Trustee objected to the plan on several grounds, including that the plan included a nonstandard provision contrary to the form plan.

At a hearing on Penn's motions, the bankruptcy court told Penn that, pursuant to the Western District's form plan, she could not retain her full refund and continue with her Chapter 13 proceedings. The court offered Penn several alternatives, including modifying the plan to allow her to keep more monthly income for home repairs, dismissing her petition to allow her to use her tax refund as she saw fit, or converting her case to a Chapter 7 liquidation. The court offered to grant a continuance to permit her to review her options. Penn declined the continuance and asked the court to enter orders denying the motion to retain the refund, denying the motion to confirm the plan, and dismissing the bankruptcy petition. The bankruptcy court entered the orders as Penn requested. With the case dismissed, the court had no occasion to address the Trustee's other objections to the proposed plan.

Penn appealed to the district court, arguing that the Western District's form plan violates various provisions of the Bankruptcy Code and that she should have been permitted to retain her entire tax refund. The Trustee disagreed on the merits, but also argued that Penn's request for a dismissal

No. 18-51055

mooted her case. The district court held that it had jurisdiction and affirmed the bankruptcy court's judgment. Penn now appeals to this court.

## DISCUSSION

Before we can reach the merits of Penn's appeal, we must verify that the district court had subject-matter jurisdiction. The district court has "jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings" before the bankruptcy court. 28 U.S.C. § 158(a). The denial of a motion to confirm is not itself a final order because the relevant "proceeding"—"the process of attempting to arrive at an approved plan"—continues so long as the court gives the debtor a chance to submit a revised plan to the bankruptcy court. *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015). There is no final order on a motion to confirm until the court either confirms a plan or denies confirmation "*and the case is dismissed as a result.*" *Id.*

This rule serves important purposes in bankruptcy proceedings, where "expedition is always an important consideration." *Id.* at 1694. It avoids "delays and inefficiencies" from "piecemeal appeals." *Id.* at 1693. And it "should encourage the debtor to work with creditors and the trustee to develop a confirmable plan as promptly as possible." *Id.* at 1694.

At first glance, this case appears to have the quintessential elements of a final, appealable order. The bankruptcy court denied Penn's motion to retain her entire tax refund, denied her motion to confirm the plan, and dismissed her bankruptcy petition. Not quite, though. After the bankruptcy court ruled on the tax return issue, it dismissed the petition *at Penn's request*. Penn declined the court's offer of additional time to revise her plan and requested dismissal before the court had ruled on any other aspects of her plan.

No doubt Penn was "convinced that the original plan complied with the Code and that the bankruptcy court was wrong to deny confirmation." *Id.* at

3

1690. But a party may not "manufactur[e] . . . appellate jurisdiction" over a non-final order by voluntarily dismissing remaining claims "without an adjudication on the merits." *Marshall v. Kansas City S. Ry. Co.*, 378 F.3d 495, 499–500 (5th Cir. 2004). By requesting an immediate dismissal, Penn prevented the bankruptcy court from addressing the Trustee's remaining objections to other aspects of her proposed plan. Were we to reach the merits and conclude that the bankruptcy court erred in denying the request to retain the entire tax refund, the bankruptcy court could deny confirmation on remand based on one of the Trustee's other objections. Penn might request another dismissal and again appeal to the district court, and then again to this court. And so on. This is precisely the scenario that the final-judgment rule is designed to prevent. *See Bullard*, 135 S. Ct. at 1693–94.

Penn had potential avenues for appellate review of the bankruptcy court's ruling regarding her tax return. *See id.* at 1695–96 (describing the options of (1) seeking certification for interlocutory review under 28 U.S.C. § 158, (2) accepting dismissal after the bankruptcy court rules on the entire plan and "risking [the] entire bankruptcy case on the appeal," or (3) "propos[ing] an amended plan and appeal[ing] its confirmation"). But this was not one of them, and the district court lacked jurisdiction.

Given our conclusion that the district court lacked jurisdiction over the appeal from its inception, we need not address the Trustee's argument that Penn mooted her appeal by renegotiating her debts directly with her creditors after the bankruptcy court dismissed her petition.

We therefore VACATE the district court's judgment and REMAND the case for the district court to dismiss the appeal. We DENY the Trustee's pending motions to supplement the record and to dismiss this appeal as moot.