## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2020

Lyle W. Cayce
Clerk

No. 18-50740

_____

CBX RESOURCES, L.L.C.,

      Plaintiff - Appellant

v.

ACE AMERICAN INSURANCE COMPANY; ACE PROPERTY AND
CASUALTY INSURANCE COMPANY,

      Defendants - Appellees

_____

Appeal from the United States District Court
for the Western District of Texas

_____

Before BARKSDALE, STEWART, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge:

Appellant finds itself in the so-called "finality trap." *Williams v. Taylor Seidenbach, Inc.*, --- F.3d ---, 2020 WL 2111307, at \*1 (5th Cir. May 4, 2020) (en banc). After losing on its claim for a declaratory judgment that ACE American Insurance Company had a duty to defend, CBX Resources dismissed its Texas Insurance Code claims without prejudice. Because those statutory claims were not resolved on the merits, CBX "is entitled to bring a later suit on the same cause of action." *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 (5th Cir. 1978). As a result, there is not yet a final appealable judgment. *Id.*; *see also Marshall v. Kan. City S. Ry. Co.*, 378 F.3d 495, 500 (5th Cir. 2004) (per curiam) ("[A] party cannot use voluntary dismissal *without* prejudice as an end-run around the final judgment rule to convert an otherwise

No. 18-50740

non-final—and thus non-appealable—ruling into a final decision appealable under § 1291.").

We held this case in abeyance because our full court was reconsidering the finality trap in a different case. *See generally Williams*, 2020 WL 2111307. That decision has now issued, and we did not end up overruling our decades-old caselaw holding that there is not an appealable final judgment when some claims are dismissed without prejudice. *Id.* at *3, *6. Instead, we concluded that appellate jurisdiction existed in *Williams* because the appellant had obtained a Rule 54(b) partial summary judgment on the claims it sought to appeal. *Id.* at *4–6. CBX has not asked for such a partial summary judgment, which is a discretionary matter for the district court. *See* FED. R. CIV. P. 54(b).

*Williams*, then, does not free CBX from the trap. So we consider its arguments for why the trap does not apply in the first place. It first submits that the concern about dismissals without prejudice being "manipulative" attempts to manufacture appellate jurisdiction while a plaintiff keeps its future options open should not apply to a suit brought against a single defendant. *Marshall*, 378 F.3d at 500. In such a suit, CBX explains, a merits dismissal of some claims will have preclusive effect on other claims even if they were dismissed without prejudice. That is because res judicata bars not just claims that were resolved in a prior suit, but also claims that could have been resolved. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been raised* in that action." (emphasis added)). Preclusion does not arise, however, when a plaintiff loses on the merits to one defendant but dismisses claims without prejudice against another defendant who is not in privity with the party that obtained the favorable judgment. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (discussing the privity requirement for res judicata).

No. 18-50740

There are at least two problems with CBX's attempt to limit the "finality trap" to cases with multiple defendants.  First, it is looking at the concern about manufacturing jurisdiction only from the perspective of an appellate decision that affirms the with-prejudice dismissal of certain claims.  When the appellate court reverses, there is no preclusion and the plaintiff on remand can seek to reallege the claims that it had dismissed without prejudice.  That tactic, what CBX apparently hopes to do with its statutory claims if we were to reverse the district court's "no duty to defend" decision, is the "end-run" around the final judgment rule to obtain a "quasi-interlocutory" appeal that our cases are concerned about.  *See Marshall*, 378 F.3d at 500 (noting that allowing a plaintiff to appeal when it dismisses some claims without prejudice allows him to "hav[e] his cake (the ability to refile the claims voluntarily dismissed) and eat[] it too (getting an early appellate bite at reversing the claims dismissed involuntarily)").

The even bigger problem for CBX is that our rule originated in a single defendant case just like this one.  *See Ryan*, 577 F.2d at 300.  To be sure, many cases applying the *Ryan* rule have multiple defendants, one or more of which was dismissed without prejudice while at least one defendant prevailed on the merits.  *See, e.g.*, *Williams*, 2020 WL 2111307, at *1–2; *Luvata Grenada, L.L.C. v. Danfoss Indus. S.A. de C.V.*, 813 F.3d 238, 239 (5th Cir. 2016); *Marshall*, 378 F.3d at 496–98.  But *Ryan* itself was an employment dispute with a single plaintiff suing a single defendant, his employer.  577 F.2d at 300; *see also Marshall*, 378 F.3d at 500 ("[T]he *Ryan* rule operates *when a plaintiff has filed multiple claims against a single party*, or against multiple parties, and the district court has dismissed some but not all of the claims." (emphasis added)).  Precedent thus forecloses CBX's argument that the finality trap does not apply in single defendant cases where res judicata might eliminate concerns about a second suit.

No. 18-50740

Precedent is also the stumbling block for CBX's suggestion that its Rule 41(a) dismissal without prejudice of the statutory claims "may be wholly ineffective" because that rule does not allow a partial dismissal of claims. *Ryan* recognizes that Rule 41(a) should not be available to dismiss only some claims a plaintiff has against a defendant. 577 F.2d 302 n.2; *see also Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 720 (5th Cir. 2010) ("Rule 41(a) dismissal only applies to the dismissal of an entire action—not particular claims.").[1] But *Ryan* did not allow the plaintiff to undo the improper Rule 41(a) dismissal he had asked for. 577 F.2d at 300–02; *see also McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 476 (5th Cir. 2015) ("A party cannot complain on appeal of errors which he himself induced the district court to commit." (quotations omitted)). In any event, if the Rule 41(a) dismissal were undone, that would not give us appellate jurisdiction. It would instead highlight what *Ryan* recognizes: that CBX's statutory claims have not yet been resolved.

CBX's final jurisdictional argument is that the district judge made "clear his intention that an appeal of his rulings be available immediately." But any intention to issue a "partial final judgment under Rule 54(b)" must be "unmistakable." *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc) (per curiam). And that unmistakable intent must be found in the judgment itself or in documents that it references; "we can look nowhere else to find such intent, nor can we speculate on the thought process of the district judge." *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 539 (5th Cir. 1999). We do not see any

---

[1] In contrast to our caselaw not allowing Rule 41(a) dismissals of some claims against a single defendant, we have allowed full dismissals of all claims against a defendant even when other defendants remained in the suit. *Williams*, 2020 WL 2111307, at *2; *see also Plains Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 253 (5th Cir. 1973).

No. 18-50740

indication—let alone unmistakable intent—that the district court entered a partial final judgment under Rule 54(b) before this appeal was filed.

At this point in the litigation there is not a final appealable judgment. The appeal therefore is DISMISSED for lack of jurisdiction.